Louis S. Ederer
louis.ederer@apks.com
Matthew T. Salzmann
matthew.salzmann@apks.com
Maxwell C. Preston
maxwell.preston@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Phone: (212) 836-8000
Fax: (212) 836-8689

*Attorneys for Plaintiff*
*Global Brand Holdings, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
:
GLOBAL BRAND HOLDINGS, LLC,              :          Civil Action No.
:
Plaintiff,          :          **COMPLAINT**
:
- against -          :
:
CHURCH & DWIGHT CO., INC.,               :
:
Defendant.          :
:
---------------------------------------------------------- x

Plaintiff Global Brand Holdings, LLC ("Global"), by and through its undersigned

counsel, complains and alleges against defendant Church & Dwight Co., Inc. ("C&D") as

follows:

**NATURE OF THE ACTION**

1.       Global brings this action for injunctive relief and damages arising from C&D's

knowing acts of trademark infringement, false designation of origin, dilution, and unfair

competition, in violation of the laws of the United States and the statutory and common law of

the State of New York, and for cancellation of U.S. Trademark Registration No. 5,242,035.

2.       In particular, this case concerns C&D's knowing infringement of Global's famous

and distinctive XOXO trademarks used on and in connection with Global's popular XOXO lines of apparel, toiletries, cosmetics, accessories, and related goods.  After Global and its authorized licensees expended extensive resources designing, developing, distributing, promoting and selling apparel, toiletries, cosmetics and other goods featuring the XOXO trademarks, and long after consumers had come to recognize such marks and associate them exclusively with Global, C&D introduced a line of condoms bearing the identical XOXO word mark presented in a virtually identical stylization, and C&D apparently intends to introduce lines of personal lubricants and vibrators under that same mark.  C&D undertook this conduct without Global's consent, with actual knowledge of Global's prior rights in and to the XOXO marks, and with the deliberate intent to improperly trade off and reap the benefits of the extensive goodwill associated with Global's XOXO brand, and its popular XOXO trademarks.

## THE PARTIES

3.      Plaintiff Global is a limited liability corporation duly organized and existing under the laws of the State of New York, with a place of business located at 1407 Broadway, New York, New York 10018.  Global is the owner and licensor of an expansive array of apparel, toiletries, cosmetics, accessories, and related goods marketed and sold under a family of trademarks consisting of or including the mark XOXO.

4.      Upon information and belief, defendant C&D is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 500 Charles Ewing Blvd., Ewing, New Jersey 08628.  Upon further information and belief, C&D is distributing, advertising, offering for sale and/or selling goods, including the XOXO brand condoms that are the subject of Global's claims, within the State of New York and this judicial district.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Global's federal trademark infringement, false designation of origin, dilution, and cancellation claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 1338.

6.      This Court has subject matter jurisdiction over Global's claims that arise under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a), because such claims are related to and arise from the same set of facts as Global's federal claims.

7.      This Court has personal jurisdiction over C&D because C&D regularly conducts business within this judicial district, and the complained-of acts occurred within this judicial district.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), because C&D is subject to personal jurisdiction within this judicial district, and because a substantial part of the events giving rise to Global's claims occurred within this judicial district.

## FACTUAL BACKGROUND

A.      **Global and the XOXO Trademarks**

9.      Since 1991, Global, its predecessors-in-interest, and its authorized licensees have been selling products under the well-known family of XOXO marks, including apparel for fashionable women, toiletries, cosmetics, perfumes, shoes, luggage, eyeglasses, and many other related goods and services.

10.      The majority of Global's XOXO-branded products are designed for young women.  While the staple of the XOXO brand has long been is its enormously popular line of women's apparel, including intimates and lingerie, Global's XOXO brand is truly a lifestyle brand that offers an entire suite of products, including, without limitation, toiletries, cosmetics, perfumes, shoes, luggage, and eyeglasses.  In marketing its XOXO-branded products, Global and

its authorized licensees emphasize the feminine, fashionable, confident, romantic, and sexy nature of their XOXO-branded products.  Global conveys this message under the advertising tagline "Smart Sexy," and often describes the products sold in its XOXO line as "sexy."

11.    Global is the owner of numerous trademarks that consist of or include the XOXO mark, many of which are registered with the U.S. Patent and Trademark Office (the "USPTO") for use in connection with a variety of goods and services (collectively, the "XOXO Trademarks").

12.    The XOXO Trademarks that are registered with the USPTO are listed in the table below, and true and correct copies of the corresponding U.S. registration certificates for the XOXO Trademarks are attached hereto as **Exhibit A**:

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|---|---|---|---|
| XOXO | 2,009,243 | 10/22/1996 | IC 025: Clothing, namely, men's, women's and children's shirts, shorts, pants, jackets, T-shirts, sweatshirts, hats, socks, sweaters and swimwear |
| XOXO | 2,102,098 | 09/30/1997 | IC 018: Luggage, handbags, purses all made from leather, imitations of leather and other material |
| XOXO | 2,269,840 | 08/10/1999 | IC 009: Eyeglasses and sunglasses |
| XOXO JEANS | 2,320,710 | 02/22/2000 | IC 025: Women's, and children's clothing, namely jeans, dresses, skirts, shorts, jackets, shirts, pants, blouses, vests, blazers, jeans, overalls, sweatshirts, sweatpants, tank-tops, tee-shirts, hats |
| XOXO | 2,370,004 | 07/25/2000 | IC 035: Retail clothing store services |
| XOXO | 2,436,377 | 03/20/2001 | IC 025: Women's and children's shoes |
| XOXO | 2,456,625 | 06/05/2001 | IC 014: Jewelry, watches and other horological and chronometric instruments, namely clocks |
| FRAGILE BY XOXO | 2,556,155 | 04/02/2002 | IC 009: Eyeglasses and sunglasses |

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|---|---|---|---|
| XOXO | 2,960,690 | 06/07/2005 | IC 003: Perfume, toiletries and cosmetics, namely, lipstick, eyeliner, mascara and nail polish |
| XOXO | 3,234,559 | 04/24/2007 | IC 020: Bedding furniture and pillows |
| XOXO | 3,455,799 | 06/24/2008 | IC 025: Clothing for humans in the nature of baby doll pajamas, bras, boxer shorts, camisoles, chemises, dresses, headbands, lingerie, loungewear, pajamas, panties, shorts and briefs being underwear, robes, skirts, sleepwear and tank tops; headbands<br><br>IC 026: Hair accessories, namely, barrettes, bobby pins, hair bands, hair slides, hair sticks, hair ornaments in the form of combs, hair pins, hair ornaments, hair wraps, ponytail holders, salon hair clips, and snap clips |
| XOXO | 3,555,477 | 12/30/2008 | IC 024: Textile goods, namely, comforters, duvets, quilts, oven mitts, bed linen, bath linen, pillow cases, bed covers, bedspreads, table cloths, textile napkins, sheets, namely, bed sheets, shams, dust ruffles, throws, coverlets, bed blankets; window draperies and accessories, namely, curtains, drapes, towels, wash cloths and shower curtains |
|  | 4,451,971 | 12/17/2013 | IC 003: Fragrances, perfumes, eau de toilette, body lotion, body cream, body wash and shower gel |
| XOXO LUV | 4,569,426 | 07/15/2014 | IC 003: Body cream; Body lotion; Body wash; Eau de toilette; Fragrances; Perfumes; Shower gel |

13.     The XOXO Trademarks are in full force and effect, and many have achieved

incontestable status pursuant to 15 U.S.C. § 1065.

14.     The U.S. registration certificates for the XOXO Trademarks, copies of which are

attached hereto as **Exhibit A**, constitute *prima facie* evidence of the validity of Global's XOXO

Trademarks, conclusive evidence of Global's exclusive right to use the XOXO Trademarks in

connection with the goods and services identified therein, and provide constructive notice of

Global's ownership and exclusive rights in and to the XOXO Trademarks pursuant to 15 U.S.C. § 1115(a).

15.     Goods bearing Global's XOXO Trademarks are distributed and sold nationwide by prominent retailers, both through bricks-and-mortar retail outlets and in many instances the corresponding ecommerce websites of such outlets, including, for example, Target, Macy's, JC Penney, Boscov's, Walmart, CVS, and Walgreens.  In addition, goods bearing the XOXO Trademarks are sold online through websites such as Amazon.com, Perfumania.com, and Jet.com.

16.     Since 1991, Global, its predecessors-in-interest, and its authorized licensees have made hundreds of millions of dollars in wholesale sales of goods bearing the XOXO Trademarks.

17.     XOXO brand apparel products each contain one or more hangtags, like the one shown below, which prominently feature the XOXO Trademarks, typically in white lettering contrasted over a black background:



18.     Global and its authorized licensees have invested millions of dollars and decades of time and effort to create consumer recognition in the XOXO Trademarks, such that the consuming public has come to associate the XOXO Trademarks with high quality goods and services emanating exclusively from Global.

19.     Advertisements, news articles, and editorials featuring the XOXO Trademarks have appeared in leading mainstream and fashion publications in the U.S., including, for

example, Cosmopolitan, Glamour, Seventeen, Latina, Life & Style, and the New York Post.  For

example, the XOXO brand achieved significant media attention as a result of an advertising

campaign featuring high fashion models living in a Fifth Avenue storefront display for several

days.

20.     In addition, the XOXO brand's advertising campaigns have featured some of the

most iconic models in the history of women's fashion, including Tyra Banks, Christy Turlington,

Claudia Schiffer, Miranda Kerr, and Chrissy Teigen.  Images from recent XOXO advertising

campaigns featuring Chrissy Teigen and Miranda Kerr appear below:





In addition, the models featured in the XOXO brand's adverstisements are often dressed in a

seductive manner.

21.     Through extensive sales, promotion and media coverage, the XOXO Trademarks have come to identify Global as the exclusive source of the goods and services offered under such marks.

**B.     C&D'S WRONGFUL ACTIVITIES**

22.     Upon information and belief, on February 17, 2017 C&D launched a line of condoms (the "Infringing Goods") branded with XOXO marks (the "Infringing Marks").  True and correct images of C&D's Infringing Goods bearing the Infringing Marks are attached hereto as **Exhibit B**, examples of which appear below:

 

23.     Upon information and belief, C&D's target consumers for the Infringing Goods are — just as is the case with Global's XOXO goods — young, fashion-conscious women.  In marketing the Infringing Goods, C&D's promotional materials emphasizes the "sexy" nature of these products, including the tagline: "SMART.  SEXY.  CONFIDENT."

24.     Upon information and belief, C&D's Infringing Goods are distributed, offered for sale, and sold at retailers, both bricks-and-mortar and online, that also distribute, offer for sale, and sell Global's XOXO-branded products, including, for example, Target, Walmart, CVS, Amazon.com, and Jet.com.

25.     Rather than going to the effort and expense of developing and creating its own unique, source-identifying trademark, C&D not only knowingly adopted Global's XOXO Trademarks, but has replicated the manner in which Global typically presents its XOXO Trademarks to consumers — *i.e.*, in white lettering contrasted over a black background, with the left slash in the letter "X" being thicker than the right slash:

| Global's XOXO Trademark | C&D's Infringing Mark |
|---|---|
| XOXO | XOXO |

26.     In addition, C&D has launched an expansive advertising campaign to promote the Infringing Goods, which is specifically targeted to the young female consumer, emphasizes the romantic nature of the product, and predominantly features the XOXO mark.  A screenshot from a television advertisement for the Infringing Goods appears below:



27.     As a result of C&D's conduct, the Infringing Goods are likely to cause consumers to believe that condoms bearing the Infringing Marks are authorized, sponsored, approved, endorsed, or licensed by Global, or are in some other way affiliated, associated, or connected with Global.

28.     Upon information and belief, at all times relevant hereto, C&D has had full

knowledge of the strong association of the XOXO Trademarks with Global, as well as Global's exclusive right to use the XOXO Trademarks, and the goodwill associated therewith. Accordingly, C&D has been engaging in the above-described unlawful activities knowingly and intentionally, and/or with reckless disregard for Global's rights in and to the XOXO Trademarks.

29.     Upon information and belief, C&D intends to continue to manufacture, import, export, distribute, supply, advertise, promote, offer for sale and/or sell products bearing the Infringing Marks, including, without limitation, the Infringing Goods, unless otherwise restrained by this Court.

30.     In particular, upon information and belief, C&D intends to launch lines of massage oils, lotions and creams, personal lubricants, and adult sexual stimulation aids, namely, personal vibrators, under the Infringing Marks.

31.     Unless C&D's conduct is enjoined, such conduct will severely inhibit and/or destroy the ability of Global's XOXO Trademarks to identify Global as the exclusive source of goods to which such marks are affixed.

**FIRST CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

32.     The allegations set forth in paragraphs 1 through 31 hereof are adopted and incorporated by reference as if fully set forth herein.

33.     By the acts alleged herein, C&D is using marks that are confusingly similar to Global's XOXO Trademarks, and has infringed, and continues to infringe, the XOXO Trademarks, all in violation of 15 U.S.C. § 1114.

34.     Upon information and belief, C&D's use of marks that are confusingly similar to Global's XOXO Trademarks has caused, is intended to cause, and is likely to continue to cause confusion, mistake, and deception among the general consuming public and the trade as to the

source of C&D's XOXO brand condoms and other goods bearing the Infringing Marks, or as to a possible affiliation, connection, or association between Global and the Infringing Goods.

35.     Upon information and belief, C&D has acted with knowledge of Global's ownership of the XOXO Trademarks, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

36.     C&D's acts constitute willful trademark infringement in violation of 15 U.S.C. § 1114.

37.     Upon information and belief, by its actions, C&D intends to continue its unlawful conduct, and to willfully infringe Global's XOXO Trademarks, unless restrained by this Court.

38.     Upon information and belief, by its willful acts, C&D has made, and will continue to make substantial profits and gains to which it is not in law or equity entitled.

39.     C&D's acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Global, and Global has no adequate remedy at law.

40.     C&D's intentional and egregious infringing conduct makes this an exceptional case under 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

41.     The allegations set forth in paragraphs 1 through 40 hereof are adopted and incorporated by reference as if fully set forth herein.

42.     Upon information and belief, C&D's aforementioned use of marks that are confusingly similar to Global's XOXO Trademarks has caused, is intended to cause, and is likely to continue to cause confusion, mistake, and deception among the general consuming public and the trade as to the source of C&D's XOXO brand condoms and other goods bearing the Infringing Marks, or as to a possible affiliation, connection, or association between Global and

C&D's product line.

43.     C&D's acts constitute willful false designation of origin in violation of 15 U.S.C.

§ 1125(a).

44.     Upon information and belief, by its actions, C&D intends to continue to falsely

designate the origin of its goods unless restrained by this Court.

45.     Upon information and belief, by its willful acts, C&D has made and will continue

to make substantial profits and gains to which it is not in law or equity entitled.

46.     C&D's acts have irreparably harmed and, unless enjoined, will continue to

irreparably harm Global, and Global has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT UNDER NEW YORK COMMON LAW**

47.     The allegations set forth in paragraphs 1 through 46 hereof are adopted and

incorporated by reference as if fully set forth herein.

48.     C&D's acts constitute willful trademark infringement under the common law of

the State of New York.

49.     Upon information and belief, by is actions, C&D intends to continue its unlawful

conduct, and to willfully infringe Global's XOXO Trademarks, unless restrained by this Court.

50.     Upon information and belief, by its willful acts, C&D has made and will continue

to make substantial profits and gains to which it is not in law or equity entitled.

51.     C&D's acts have irreparably harmed and, unless enjoined, will continue to

irreparably harm Global, and Global has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**UNFAIR COMPETITION UNDER NEW YORK COMMON LAW**

52.     The allegations set forth in paragraphs 1 through 51 hereof are adopted and

incorporated by reference as if fully set forth herein.

53.     C&D's acts constitute willful unfair competition under the common law of the State of New York.

54.     Upon information and belief, by is actions, C&D intends to continue its acts of willful unfair competition unless restrained by this Court.

55.     Upon information and belief, by its willful acts, C&D has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

56.     C&D's acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Global, and Global has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### DILUTION (15 U.S.C. § 1125(c))

57.     The allegations set forth in paragraphs 1 through 56 hereof are adopted and incorporated by reference as if fully set forth herein.

58.     By the acts described herein, C&D has intentionally and willfully diluted, and/or is likely to dilute the distinctive quality of Global's famous XOXO Trademarks in violation of 15 U.S.C. § 1125(c).

59.     The XOXO Trademarks are famous and distinctive within the meaning of 15 U.S.C. § 1125(c), and have been since long before C&D adopted and began manufacturing, importing, distributing, supplying, advertising, promoting, offering for sale and/or selling the Infringing Goods.

60.     C&D's manufacture, importation, distribution, supplying, advertising, promotion, offering for sale and/or sale of the Infringing Goods constitutes commercial use of the XOXO Trademarks, and Global has not authorized or licensed C&D to make any such use of the XOXO Trademarks.

61.     The Infringing Marks are so similar to the XOXO Trademarks that they have

impaired or are likely to impair in the minds of consumers the distinctiveness of the XOXO

Trademarks.  C&D's promotion and sale of the Infringing Goods thereby dilutes or is likely to

dilute the distinctive qualities of the XOXO Trademarks, and to lessen the capacity of such

marks to uniquely identify and distinguish Global's XOXO branded goods.

62.     C&D's unauthorized use of the XOXO Trademarks in connection with condoms

is also likely to tarnish the reputation of the XOXO Trademarks through unsavory or unflattering

associations with those goods by consumers.

63.     Upon information and belief, by its actions, C&D intends to continue its unlawful

conduct, and to willfully dilute Global's XOXO Trademarks, unless restrained by this Court.

64.     Upon information and belief, by its willful acts, C&D has made and will continue

to make substantial profits and gains to which it is not in law or equity entitled.

65.     C&D's acts have irreparably harmed and, unless enjoined, will continue to

irreparably harm Global, and Global has no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**
**CANCELLATION OF REGISTRATION NO. 5,242,035**
**BASED ON LIKELIHOOD OF CONFUSION AND/OR DILUTION**
**(15 U.S.C. §§ 1064 AND 1119)**

66.     The allegations set forth in paragraphs 1 through 65 hereof are adopted and

incorporated by reference as if fully set forth herein.

67.     On July 11, 2017, the USPTO issued a registration certificate (U.S. Trademark

Registration No. 5,242,035) to C&D for use of the mark XOXO in connection with condoms in

International Class 10 ("C&D's XOXO Mark").  A true and correct copy of the registration

certificate for C&D's XOXO Mark is attached hereto as **Exhibit C**.

68.     Upon information and belief, for the reasons described above, the registration of

C&D's XOXO Mark — as well as C&D's use of that mark — has caused, and is likely to

continue to cause, confusion, mistake, and deception among the general consuming public and the trade as to the source of C&D's condom products, or as to a possible affiliation, connection, or association between Global, and its goods and C&D's condom products.

69.     For the reasons described above, the registration of C&D's XOXO Mark — as well as C&D's use of that mark — dilutes or is likely to dilute the distinctive qualities of Global's XOXO Trademarks, and to lessen the capacity of such marks to uniquely identify and distinguish Global's XOXO branded goods.

70.     For the reasons described above, the registration of C&D's XOXO Mark — as well as C&D's use of that mark in connection with condoms — is also likely to tarnish the reputation of Global's XOXO Trademarks through unsavory or unflattering associations with those goods by consumers.

71.     As a result of the foregoing, Global will be damaged by C&D's XOXO Mark being registered on the Principal Register.

72.     For all of the foregoing reasons, Global is entitled to an order of this Court, as provided by 15 U.S.C. § 1119, cancelling C&D's U.S. Trademark Registration No. 5,242,035.

## **PRAYER FOR RELIEF**

WHEREFORE, Global demands judgment against C&D as follows:

1.     For judgment that C&D:

    (a)     willfully infringed the XOXO Trademarks in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

    (b)     willfully violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with respect to Global;

    (c)     willfully infringed the XOXO Trademarks in violation of the common law of the State of New York;

    (d)     engaged in unfair competition as against Global in violation of the common law of the State of New York; and

       (e)     willfully diluted the XOXO Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

2.     That a permanent injunction be issued enjoining and restraining C&D, and its respective officers, agents, servants, employees and attorneys, and all those in active concert or participation with it, from designing, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling any goods, including, without limitation, the Infringing Goods, which bear any of the Infringing Marks, or any other marks confusingly similar in overall appearance to Global's XOXO Trademarks, and engaging in any other activity constituting an infringement of any of Global's rights in and to the XOXO Trademarks.

3.     That C&D be required to recall and destroy all unsold Infringing Goods, as well as all advertising and promotional materials that bear the Infringing Marks.

4.     That the Court order the cancelation of C&D's U.S. Trademark Registration No. 5,242,035.

5.     That the Court award Global:  (a) C&D's profits and Global's damages to the full extent provided for under 15 U.S.C. § 1117, with any monetary relief to be trebled; (b) Global's actual damages and/or punitive damages as provided under the common law of the State of New York; and (c) Global's attorneys' fees and litigation-related expenses incurred herein under 15 U.S.C. § 1117.

6.     That Global be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against C&D.

7.     That Global be awarded such additional and further relief as the Court deems just and proper.

Dated: New York, New York
August 29, 2017

ARNOLD & PORTER KAYE SCHOLER LLP

By:      /s/ Louis S. Ederer
Louis S. Ederer
louis.ederer@apks.com
Matthew T. Salzmann
matthew.salzmann@apks.com
Maxwell C. Preston
maxwell.preston@apks.com
250 West 55th Street
New York, New York 10019-9710
Phone: (212) 836-8000
Fax: (212) 836-8689

*Attorneys for Plaintiff*
*Global Brand Holdings, LLC*