**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| GLOBAL BRAND HOLDINGS, LLC, Plaintiff, | : | No. 1:17-cv-06571-KBF |
| v. | : | |
| CHURCH & DWIGHT CO., INC., Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FEDERAL TRADEMARK DILUTION CLAIM**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..... 1

RELEVANT ALLEGED FACTS ..... 2

STANDARD OF REVIEW ..... 3

ARGUMENT ..... 3

I. Global Does Not Plausibly Allege That Its XOXO Marks Are Sufficiently Famous to Warrant Anti-Dilution Protection Under the Lanham Act. ..... 3

A. The Protections of Section 1125(c) Apply to Truly Famous Marks Only ..... 4

B. Global Fails to Allege Facts Permitting a Plausible Inference that its XOXO Marks are Famous ..... 5

CONCLUSION ..... 8

# TABLE OF AUTHORITIES

**CASES** **Page(s)**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................3, 5, 6

*Bell Atl. v. Twombly*,
550 U.S. 544 (2007)....................3

*Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*,
No. 11 Civ. 8921, 2013 WL 6670584 (S.D.N.Y. Mar. 29, 2013) ....................4, 5, 6

*Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*,
No. 12 Civ. 8205, 2013 WL 3943267 (S.D.N.Y. July 31, 2013) ....................3, 5, 7

*Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*,
No. 16 Civ. 1318, 2017 WL 696126 (S.D.N.Y. Feb. 15, 2017) ....................4, 5, 6

*Luv N' Care, Ltd. v. Regent Baby Prod. Corp.*,
841 F. Supp. 2d 753 (S.D.N.Y. 2012)....................5, 7

*New World Sols., Inc. v. NameMedia Inc.*,
150 F. Supp. 3d 287 (S.D.N.Y. 2015)....................4

*Schutte Bagclosures Inc. v. Kwik Lok Corp.*,
193 F. Supp. 3d 245 (S.D.N.Y. 2016)....................5

*Small Bus. Bodyguard, Inc. v. House of Moxie, Inc.*,
No. 14 Civ. 7170, 2014 WL 5585339 (S.D.N.Y. Oct. 30, 2014) ....................4

*TCPIP Holding Co. v. Haar Commc'ns., Inc.*,
244 F.3d 88 (2d Cir. 2001)....................5

**STATUTES**

15 U.S.C. § 1125(c) ....................3, 4, 7

15 U.S.C. § 1125(c)(2)(A) ....................1, 4, 6

**OTHER AUTHORITIES**

Rule 12(b)(6)....................1, 3

Defendant Church & Dwight Co., Inc. respectfully submits this memorandum of law in support of its motion to dismiss the federal trademark dilution claim of Plaintiff Global Brand Holdings, LLC ("Global") pursuant to Rule 12(b)(6).[1]

**PRELIMINARY STATEMENT**

Only marks that are "famous" and "widely recognized by the general consuming public of the United States" are entitled to protection under the Lanham Act's trademark dilution provisions. 15 U.S.C. § 1125(c)(2)(A). Fame, within the meaning of the Lanham Act, requires this extremely high level of consumer recognition because the protections of Section §1125(c) are intended exclusively for the small group of "truly famous" marks that have become household names.

Global does not and cannot plausibly allege that the general consuming public of the United States associates the common expression "XOXO," meaning "hugs and kisses," with Global's XOXO-branded products. Global's XOXO marks are simply not in the same ballpark as Budweiser beer, Camel cigarettes, Barbie dolls, and other marks Second Circuit courts have found to be famous. Global's conclusory assertions regarding the fame and distinctiveness of its marks do nothing to change this fact. At best, Global alleges that its target consumers—young women—recognize its trademarks. But the law is clear that "niche fame"—notoriety within a particular market segment—is not enough to state a trademark dilution claim under the Lanham Act. Accordingly, Global's claim for federal trademark dilution (Fifth Claim for Relief) should be dismissed with prejudice.

[1] A copy of the Complaint ("Compl.") (Dkt. 1) is attached as Exhibit A to the accompanying Declaration of Lee M. Popkin, dated October 4, 2017 ("Popkin Decl.").

**RELEVANT ALLEGED FACTS**

XOXO is a common English expression meaning "hugs and kisses." The phrase is often used as a valediction at the end of letters or other correspondence. *See, e.g.*, Compl. ¶ 20 (depicting XOXO advertisements with the "autographed" signoffs "Hugs & Kisses, Miranda Kerr" and "xoxo! Chrissy").

Church and Dwight, which was founded in 1846, is a major American manufacturer of household and personal care products. *See* CHURCH & DWIGHT OVERVIEW, https://churchdwight.com/company/ (last visited Oct. 4, 2017). Its portfolio of brands includes TROJAN, ARM & HAMMER, and OXICLEAN, among others. *Id.* On July 11, 2017, the United States Trademark Office issued Church & Dwight a registration for the mark XOXO for use in connection with condoms. Compl. ¶ 67, Ex. C. In February 2017, Church & Dwight launched a line of XOXO condoms by TROJAN. *Id.* ¶ 22.

Global alleges that it sells a variety of products under its XOXO brand, including women's apparel, toiletries, glasses, luggage, cosmetics, shoes, and perfumes. *Id.* ¶¶ 9, 10, 12 & Ex. 1. Most of these products are "designed for young women." *Id.* ¶ 10. Global alleges its XOXO-branded products are "distributed and sold nationwide by prominent retailers," including Target, Macy's, JC Penney, Boscov's, Walmart, CVS, Walgreens, Amazon.com, Perfumania.com, and Jet.com. *Id.* ¶ 15. In addition, Global owns United States Trademark Registrations for the mark XOXO in various classes and categories. *See id.* ¶ 12.

The Complaint contains limited and conclusory allegations regarding the purported fame of Global's XOXO marks. Specifically, Global alleges that "[a]dvertisements, news articles, and editorials featuring the XOXO Trademarks" have appeared in fashion magazines and other periodicals such as *Cosmopolitan*, *Glamour*, *Seventeen*, *Latina*, *Life & Style*, and the *New York*

*Post*. *Id.* ¶ 19. Global claims that one of its advertising campaigns for the XOXO brand "achieved significant media attention," and its other advertising campaigns have featured fashion models such as Tyra Banks, Christy Turlington, Claudia Schiffer, Miranda Kerr, and Chrissy Teigen. *Id.* ¶¶ 19-20. Global also asserts that, since 1991, it has invested "millions of dollars" in the brand and "made hundreds of millions of dollars in wholesale sales of goods bearing the XOXO Trademarks." *Id.* ¶ 18. Finally, Global summarily concludes that "[t]hrough extensive sales, promotion and media coverage," consumers have "come to associate the XOXO Trademarks with high quality goods and services emanating exclusively from Global." *Id.* ¶¶ 18, 21.

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and a pleading that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). Indeed, such conclusory statements "are not entitled to the assumption of truth." *Id.* at 679.

## ARGUMENT

### I. Global Does Not Plausibly Allege That Its XOXO Marks Are Sufficiently Famous to Warrant Anti-Dilution Protection Under the Lanham Act.

The first and key element of a trademark dilution claim under the Lanham Act is "fame." *See* 15 U.S.C. § 1125(c); *e.g.*, *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 2013 WL 3943267,

at *9 (S.D.N.Y. July 31, 2013) (listing the elements of a Lanham Act dilution claim). Because Plaintiff does not and cannot plausibly allege the required level of fame, Plaintiff's trademark dilution claim should be dismissed.

### A. The Protections of Section 1125(c) Apply to Truly Famous Marks Only

The Lanham Act defines a famous mark as one that is "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A); *Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*, 2013 WL 6670584, at *7 (S.D.N.Y. Mar. 29, 2013) (Courts have generally limited famous marks to those that are "almost universally recognized by the general public."). In considering whether a mark is famous, courts may consider the following non-exhaustive list of factors: (i) the duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties; (ii) the amount, volume, and geographic extent of sales of goods or services offered under the mark; (iii) the extent of actual recognition of the mark; and (iv) whether the mark was registered on the principal register. 15 U.S.C. § 1125(c)(2)(A)(i)-(iv).

Anti-dilution protection under the Lanham Act is limited to a "small group of elite companies of long standing." *See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC* ("*Channel One*"), 2017 WL 696126, at *23 (S.D.N.Y. Feb. 15, 2017) (quoting *Small Bus. Bodyguard, Inc. v. House of Moxie, Inc.*, 2014 WL 5585339, at *7 (S.D.N.Y. Oct. 30, 2014)). The "requirement that the senior mark be truly famous before a court will afford the owner of the mark the 'vast protections' of § 1125(c)" is the element "which most narrows the universe of potentially successful claims." *Channel One*, 2017 WL 696126, at *22 (*quoting Savin Corp. v. Savin Grp.*, 391 F.3d 439, 449 (2d Cir. 2004)); *see also New World Sols., Inc. v. NameMedia*

*Inc.*, 150 F. Supp. 3d 287, 319–20 (S.D.N.Y. 2015) (explaining that the 2006 Trademark Dilution Revision Act left "unchanged" the "Second Circuit's requirement that the senior mark must be truly famous before a court will afford the owner of the mark the vast protections of the [Federal Trademark Dilution Act].") (citations omitted).

Only marks that enjoy "such broad renown so as to at least approach (if not attain) the status of household names" may qualify as famous marks under federal law. *See Schutte Bagclosures Inc. v. Kwik Lok Corp.*, 193 F. Supp. 3d 245, 283 (S.D.N.Y. 2016) (collecting cases); *see also Channel One*, 2017 WL 696126, at *23 (explaining that famous marks are limited "to those that receive multi-million dollar advertising budgets, generate hundreds of millions of dollars in sales annually, and are almost universally recognized by the general public."). In practice, this means that trademark dilution protection is limited to "truly famous" marks such as Nike, Kodak, Buick, Budweiser, Camel cigarettes, Barbie dolls, and the like. *Channel One*, 2017 WL 696126, at *22 (citation omitted). *See, e.g.*, *TCPIP Holding Co. v. Haar Commc'ns., Inc.*, 244 F.3d 88, 99 (2d Cir. 2001) (regarding Buick and Kodak); *Luv N' Care, Ltd. v. Regent Baby Prod. Corp.*, 841 F. Supp. 2d 753, 758 (S.D.N.Y. 2012) (discussing Budweiser beer, Camel cigarettes, Barbie dolls, and Nike).

### B. Global Fails to Allege Facts Permitting a Plausible Inference that its XOXO Marks are Famous

Most of Global's allegations regarding fame are entirely conclusory. Global baldly asserts, for example, that its XOXO marks are "famous and distinctive," and similarly concludes that "the consuming public" associates Global's XOXO marks "exclusively" with Global's goods and services. *See* Compl. ¶¶ 2, 18, 21, 58, 59. These labels and conclusory statements are not cognizable on a motion to dismiss. *See Iqbal*, 556 U.S. at 678; *Boarding Sch. Review*, 2013 WL 6670584, at *7 ("general allegations that [marks] have 'fostered wide renown with the trade

and public' and have 'great value and secondary meaning among the consuming public' are labels and conclusions not entitled to a presumption of truth."). *See, e.g., Helios Int'l S.A.R.L.*, 2013 WL 3943267, at *10 (dismissing plaintiff's dilution claim where it rested on "conclusory allegation[s] that the Crown Logo and the Cantamessa name are 'famous[.]'").

The remainder of Global's allegations amount to nothing more than a formulaic recitation of the factors listed in the Lanham Act's definition of fame. *See Iqbal*, 556 U.S. at 678 ("[A] formulaic recitation of the elements of a cause of action will not do."); 15 U.S.C. § 1125(c)(2)(A)(i)-(iv). Global states that: (1) it has spent "millions of dollars and decades" developing its XOXO brand (Compl. ¶ 18) and its XOXO marks have appeared in several "leading mainstream and fashion" publications (*id.* ¶ 19); (2) since 1991, Global has "made hundreds of millions of dollars in wholesale sales of goods bearing the XOXO Trademarks" (without further specification or elaboration) (*id.* ¶ 16); (3) Global's XOXO-branded goods are sold "nationwide" (*id.* ¶ 15); and (4) Global owns trademark registrations for its XOXO marks. *Id.* ¶¶ 11, 12 & Ex. A. These statements, which simply parrot three of the factors listed in the definition section of the dilution statute, are insufficient to plausibly suggest that Global's XOXO marks have achieved the requisite level of fame.[2] *See* 15 U.S.C. § 1125(c)(2)(A)(i)-(ii), and (iv). *See, e.g., Boarding Sch. Review*, 2013 WL 6670584, at *7 (dismissing dilution claim consisting of "general allegations," such as having spent "'enormous' sums of money" on marketing); *Luv N' Care*, 841 F. Supp. 2d at 757 (finding allegation that plaintiff "generated hundreds of millions of dollars in revenue from the sale of goods under their trademarks" without specifying "the amount, volume, and geographic extent of sales of [the various] goods" did not support a finding of fame).

---

[2] Nor does the Complaint contain any "concrete facts" related to the fourth factor, "the extent of actual recognition of the mark." *Channel One*, 2017 WL 696126, at *23 (citing 15 U.S.C. § 1125(c)(2)(A)(iii)).

Even the most generous interpretation of the allegations in the Complaint gives rise—at most—to an inference of niche fame among "young women." Compl. ¶ 10. The law is clear, however, that the degree of fame required under the Lanham Act "must exist in the general marketplace, not in a niche market." *Small Bus. Bodyguard, Inc*., 2014 WL 5585339, at *7 (internal citations and quotations omitted). "[F]ame limited to a particular channel of trade, segment of industry or service, or geographic region is not sufficient" for anti-dilution protection. *Id.* The Complaint does not contain non-conclusory allegations that the *general* consuming public of the United States recognizes the common phrase "XOXO" as a designation of source relating exclusively to Global's XOXO-branded products. For example, with the exception of the *New York Post*, all of the publications mentioned as the locations of XOXO advertising are publications intended for an audience of women, and most are specifically geared toward young women. Compl. ¶ 19. The only consumer recognition that can plausibly be inferred from the allegations in the Complaint is limited to Global's "target consumers…—young, fashion-conscious women." *Id*. ¶ 23. Courts in the Second Circuit routinely dismiss federal dilution claims for failure to state a claim where the "fame" allegations are limited to a niche market. *See, e.g., Helios Int'l S.A.R.L.*, 2013 WL 3943267, at *10 (holding Cantamessa brand of jewelry not famous and dismissing dilution claim where plaintiff alleged recognition of the mark "among consumers of luxury jewelry."); *Luv N' Care*, 841 F. Supp. 2d at 759 (dismissing dilution claim where plaintiffs did not allege facts indicating that the Luv N' Care "trademarks [were] recognized beyond a niche market, *i.e*., the baby product market."); *Heller Inc. v. Design Within Reach, Inc.*, 2009 WL 2486054, at *4 (finding Bellini Chair trademark was not famous where plaintiff alleged that it was "well known to the relevant public interested in contemporary furniture.") (internal quotation omitted).

**CONCLUSION**

Because the Complaint fails to plausibly allege that Global's XOXO marks are sufficiently famous to support a claim under section 1125(c) of the Lanham Act, Global's federal trademark dilution claim should be dismissed with prejudice and without leave to replead.

Dated: October 4, 2017

PROSKAUER ROSE LLP

By: *_/s/ Brendan J. O'Rourke_*

Brendan J. O'Rourke
Lee M. Popkin
Tiffany M. Woo
Eleven Times Square
New York, NY 10036-8299
Tel.: (212) 969-3000
borourke@proskauer.com
lpopkin@proskauer.com
twoo@proskauer.com

*Attorneys for Defendant*