**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GLOBAL BRAND HOLDINGS, LLC,            :
                                                       :   No. 1:17-cv-06571-KBF
                                Plaintiff,          :
                                                       :
                          v.                          :   **ANSWER**
                                                       :
CHURCH & DWIGHT CO., INC.,          :
                                                       :
                                Defendant.      :
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant Church & Dwight Co., Inc. ("Church & Dwight"), by and through its attorneys, Proskauer Rose LLP, states as follows for its answer to the Complaint of Plaintiff Global Brand Holdings, LLC ("Global"):

1.      Denies the allegations of paragraph 1, except admits that Church & Dwight owns U.S. Trademark Registration No. 5,242,035.

2.      Denies the allegations of paragraph 2, except admits that Church & Dwight uses its XOXO trademark with the designation "by TROJAN" in connection with a line of condoms.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4.      Admits the allegations of paragraph 4, but states that Church & Dwight uses the XOXO mark with other indicia of origin including the designation "by TROJAN."

5.      The allegations of paragraph 5 are legal conclusions to which no response is required. To the extent that a response is required, Church & Dwight denies the allegations to the extent the same purport to provide a basis for liability.

6.      The allegations of paragraph 6 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations to the extent the same purport to provide a basis for liability.

7.      The allegations of paragraph 7 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight admits that it regularly conducts business within this judicial district.

8.      The allegations of paragraph 8 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight admits that it regularly conducts business within this judicial district.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, except admits that the U.S. Trademark Registrations speak for themselves.

13.     The allegations of paragraph 13 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

14.     The allegations of paragraph 14 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

2

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21.     The allegations of paragraph 21 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

22.     Denies the allegations of paragraph 22, except admits that Church & Dwight launched a line of XOXO by TROJAN brand of condoms on February 17, 2017.

23.     Denies the allegations of paragraph 23, except admits that Church & Dwight uses the tagline "Smart. Sexy. Confident." in connection with its XOXO by TROJAN brand of condoms.

24.     Denies the allegations of paragraph 24, except admits that Church & Dwight's XOXO by TROJAN brand of condoms are offered for sale at Target, Walmart, CVS, Amazon.com, and Jet.com, among other retailers.

25.     Denies the allegations of paragraph 25.

26.     Denies the allegations of paragraph 26, except admits that Church & Dwight advertises its XOXO by TROJAN brand of condoms.

27.     The allegations of paragraph 27 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

28.     The allegations of paragraph 28 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

29.     Denies the allegations of paragraph 29, except admits that Church & Dwight intends to manufacture, distribute, and promote its XOXO by TROJAN brand of condoms.

30.     Denies the allegations of paragraph 30, except admits that Church & Dwight is considering development of other XOXO by TROJAN brand of products.

31.     The allegations of paragraph 31 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

32.     Repeats and realleges its above responses to paragraphs 1 through 31 as if fully set forth herein.

33.     The allegations of paragraph 33 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

34.     The allegations of paragraph 34 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

35.     Denies the allegations of paragraph 35.

36.     The allegations of paragraph 36 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

37.     Denies the allegations of paragraph 37.

38.     The allegations of paragraph 38 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

39.     The allegations of paragraph 39 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

40.     The allegations of paragraph 40 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

**SECOND CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

41.     Repeats and realleges its above responses to paragraphs 1 through 40 as if fully set forth herein.

42.     The allegations of paragraph 42 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

43.     The allegations of paragraph 43 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

44.     The allegations of paragraph 44 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

45.     The allegations of paragraph 45 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

46.     The allegations of paragraph 46 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

**THIRD CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT UNDER NEW YORK COMMON LAW**

47.     Repeats and realleges its above responses to paragraphs 1 through 46 as if fully set forth herein.

48.     The allegations of paragraph 48 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

49.     The allegations of paragraph 49 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

50.     The allegations of paragraph 50 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

51.     The allegations of paragraph 51 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

**FOURTH CLAIM FOR RELIEF**
**UNFAIR COMPETITION UNDER NEW YORK COMMON LAW**

52.     Repeats and realleges its above responses to paragraphs 1 through 52 as if fully set forth herein.

53.     The allegations of paragraph 53 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

54.     The allegations of paragraph 54 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

55.     The allegations of paragraph 55 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

56.     The allegations of paragraph 56 are legal conclusions to which no response is

required.  To the extent that a response is required, Church & Dwight denies the allegations.

## FIFTH CLAIM FOR RELIEF
## DILUTION (15 U.S.C. § 1125(c))

57.     Repeats and realleges its above responses to paragraphs 1 through 56 as if fully set forth herein.

58.     Declines to answer the allegations contained in paragraph 58 of the Complaint as they relate to Church & Dwight's pending motion to dismiss Plaintiff's dilution claim.

59.     Declines to answer the allegations contained in paragraph 59 of the Complaint as they relate to Church & Dwight's pending motion to dismiss Plaintiff's dilution claim.

60.     Declines to answer the allegations contained in paragraph 60 of the Complaint as they relate to Church & Dwight's pending motion to dismiss Plaintiff's dilution claim.

61.     Declines to answer the allegations contained in paragraph 61 of the Complaint as they relate to Church & Dwight's pending motion to dismiss Plaintiff's dilution claim.

62.     Declines to answer the allegations contained in paragraph 62 of the Complaint as they relate to Church & Dwight's pending motion to dismiss Plaintiff's dilution claim.

63.     Declines to answer the allegations contained in paragraph 63 of the Complaint as they relate to Church & Dwight's pending motion to dismiss Plaintiff's dilution claim.

64.     Declines to answer the allegations contained in paragraph 64 of the Complaint as they relate to Church & Dwight's pending motion to dismiss Plaintiff's dilution claim.

65.     Declines to answer the allegations contained in paragraph 65 of the Complaint as they relate to Church & Dwight's pending motion to dismiss Plaintiff's dilution claim.

**SIXTH CLAIM FOR RELIEF**
**CANCELLATION OF REGISTRATION NO. 5,242,035 BASED ON LIKELIHOOD OF**
**CONFUSION AND DILUTION**
**(15 U.S.C. §§ 1064 AND 1119)**

66.     Repeats and realleges its above responses to paragraphs 1 through 65 as if fully set forth herein.

67.     U.S. Registration No. 5,242,035 speaks for itself.

68.     The allegations of paragraph 68 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

69.     Declines to answer the allegations contained in paragraph 69 of the Complaint as they relate to Church & Dwight's pending motion to dismiss Plaintiff's dilution claim.

70.     Declines to answer the allegations contained in paragraph 70 of the Complaint as they relate to Church & Dwight's pending motion to dismiss Plaintiff's dilution claim.

71.     The allegations of paragraph 71 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

72.     The allegations of paragraph 72 are legal conclusions to which no response is required.  To the extent that a response is required, Church & Dwight denies the allegations.

**PRAYER FOR RELIEF**

Church & Dwight denies that Plaintiff is entitled to any relief, including the relief sought in paragraphs 1 through 7 of the Complaint.

## AFFIRMATIVE DEFENSES

As and for separate defenses to the Complaint, and without conceding that Church & Dwight bears the burden of proof or persuasion as to any of them, Church & Dwight alleges as set forth below:

### First Defense

There is no likelihood of consumer confusion.

### Second Defense

Global's XOXO trademarks are descriptive and used in a crowded field of third-party XOXO-formative marks (including Church & Dwight's), and thus are inherently and commercially weak and, at best, entitled to an extremely narrow scope of protection.

### Third Defense

Global's claims are barred, in whole or part, by the equitable doctrines of waiver, estoppel, laches, acquiescence, and unclean hands.

### Fourth Defense

Church & Dwight's actions were at all times reasonable, justified, and undertaken in good faith, and Church & Dwight did not directly or indirectly undertake or fail to undertake any action in violation of law.

### Fifth Defense

Global's claims should be dismissed because Global has not sustained any damages or injury from Church & Dwight's alleged acts or omissions.

### Sixth Defense

To the extent Global seeks an award of attorneys' fees and costs, the Complaint fails to state facts sufficient to support such an award.

**<u>RESERVATION OF RIGHTS</u>**

Defendants reserve the right to rely on any statutory defenses pursuant to Sections 2, 14, and 33 of the Lanham Act to the extent such defenses are supported by information developed through discovery or by evidence at the trial or any other hearing in this matter.  Defendants also reserve the right to rely on all matters constituting an avoidance or defense pursuant to Rule 8(c) of the Federal Rules of Civil Procedure or otherwise to the extent such defenses are supported by information developed through discovery or by evidence at the trial or any other hearing in this matter.  Defendants deny all allegations not expressly admitted.

Dated: October 4, 2017                              Respectfully submitted,

                                                    **PROSKAUER ROSE LLP**

                                                    By: *<u>/s/ Brendan J. O'Rourke</u>*
                                                    Brendan J. O'Rourke
                                                    Lee M. Popkin
                                                    Tiffany M. Woo
                                                    Eleven Times Square
                                                    New York, NY  10036-8299
                                                    Tel.: (212) 969-3000
                                                    borourke@proskauer.com
                                                    lpopkin@proskauer.com
                                                    twoo@proskauer.com

                                                    *Attorneys for Defendant*