Louis S. Ederer
louis.ederer@apks.com
Matthew T. Salzmann
matthew.salzmann@apks.com
Harry K. Fidler
harry.fidler@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Phone: (212) 836-8000
Fax: (212) 836-8689

*Attorneys for Plaintiff*
*Global Brand Holdings, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
:
GLOBAL BRAND HOLDINGS, LLC,            :   Civil Action No. 1:17-cv-06571-KBF
:
Plaintiff,       :
:
- against -                  :
:
CHURCH & DWIGHT CO., INC.,              :
:
Defendant.      :
:
------------------------------------------------------------ x


**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S FEDERAL TRADEMARK DILUTION CLAIM**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. STATEMENT OF FACTS AND PRIOR PROCEEDINGS ......................................... 2

    A. RELEVANT ALLEGED FACTS ........................................................................ 2

    B. PROCEDURAL HISTORY .................................................................................. 3

III. STANDARD OF REVIEW ............................................................................................. 4

IV. ARGUMENT ................................................................................................................... 5

    A. GLOBAL'S COMPLAINT STATES A PLAUSIBLE CLAIM FOR FEDERAL TRADEMARK DILUTION ............................................................. 5

        1. *Global's Complaint Alleges More Than Enough Facts To Permit A Plausible Inference That Its XOXO Mark Is Famous* .............................. 6

        2. *Global's Complaint Alleges More Than Enough Facts To Permit A Plausible Inference That Its XOXO Mark Is Famous Nationwide* ....... 11

    B. TO THE EXTENT THE COURT GRANTS C&D'S MOTION, GLOBAL SHOULD BE GRANTED LEAVE TO REPLEAD ...................... 13

V. CONCLUSION .............................................................................................................. 14

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................................6, 7

*A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*,
   131 F. Supp. 3d 196 (S.D.N.Y. 2015) ..............................................................................5, 6, 10

*Bell Atl. v. Twombly*, 550 U.S. 544 (2007) ...................................................................................4

*Blue Tree Hotels Inv. (Canada) Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*,
   369 F.3d 212 (2d Cir. 2004) ......................................................................................................4

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991) ..........................................14

*County of Suffolk, New York v. First Am. Real Estate Solutions*,
   261 F.3d 179 (2d Cir. 2001) ......................................................................................................4

*Erickson Beamon Ltd. v. CMG Worldwide, Inc.*,
   No. 12 Civ. 5105, 2014 WL 3950897 (S.D.N.Y. Aug. 13, 2014) .............................................9

*George Nelson Found. v. Modernica, Inc.*,
   12 F. Supp. 3d 635 (S.D.N.Y. 2014) ..............................................................................6, 8, 11

*GMA Accessories, Inc. v. Idea Nuova, Inc.*,
   157 F. Supp. 2d 234 (S.D.N.Y. 2000) ............................................................................6, 9, 10

*Grand v. Schwarz*,
   No. 15 Civ. 8779, 2016 WL 2733133 (S.D.N.Y. May 10, 2016) ......................................6, 7, 9

*Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*,
   No. 12 Civ. 8205, 2013 WL 3943267 (S.D.N.Y. July 31, 2013) ........................................4, 12

*Heller Inc. v. Design Within Reach, Inc.*,
   No. 09 Civ. 1909, 2009 WL 2486054 (S.D.N.Y. Aug. 14, 2009) ...........................................12

*Holloway v. King*, 161 F. App'x 122 (2d Cir. 2005) .....................................................................4

*Lewittes v. Cohen*,
   No. 03 Civ. 189, 2004 WL 1171261 (S.D.N.Y. May 26, 2004) ...........................................6, 9

*Luv N' Care, Ltd. v. Regent Baby Products Corp.*,
   841 F. Supp. 2d 753 (S.D.N.Y. 2012) ...............................................................................12, 13

*Mister Softee, Inc. v. Marerro*,
   No. 04 Civ. 4011, 2004 WL 2368009 (S.D.N.Y. Oct. 21, 2004) .........................................6, 9

*Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*,
   No. 08 Civ. 442, 2014 WL 4723299 (S.D.N.Y. Sept. 23, 2014) ..........................................6, 9

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) .........................................................................4

*Villager Pond, Inc. v. Town of Darien*,
   56 F.3d 375 (2d Cir. 1995), *cert denied*, 519 U.S. 808 (1996) .................................................4

*Wellnx Life Sciences Inc. v. Iovate Health Sciences Research Inc.*,
   516 F. Supp. 2d 270 (S.D.N.Y. 2007)........................................................................................4

**OTHER AUTHORITIES**

15 U.S.C. § 1125(c)(2).................................................................................................................6, 7

Fed. R. Civ. P. 8(a)(2)..................................................................................................................4, 5

Fed. R. Civ. P. 12(b)(6)...........................................................................................................3, 4, 6

Fed. R. Civ. P. 15(a)(3)...................................................................................................................14

*Mister Softee, Inc. v. Marerro*,
   No. 04 Civ. 4011, 2004 WL 2368009 (S.D.N.Y. Oct. 21, 2004) .........................................6, 9

*Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*,
   No. 08 Civ. 442, 2014 WL 4723299 (S.D.N.Y. Sept. 23, 2014) ..........................................6, 9

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) .........................................................................4

*Villager Pond, Inc. v. Town of Darien*,
   56 F.3d 375 (2d Cir. 1995), *cert denied*, 519 U.S. 808 (1996) .................................................4

*Wellnx Life Sciences Inc. v. Iovate Health Sciences Research Inc.*,
   516 F. Supp. 2d 270 (S.D.N.Y. 2007)........................................................................................4

**OTHER AUTHORITIES**

15 U.S.C. § 1125(c)(2).................................................................................................................6, 7

Fed. R. Civ. P. 8(a)(2)..................................................................................................................4, 5

Fed. R. Civ. P. 12(b)(6)...........................................................................................................3, 4, 6

Fed. R. Civ. P. 15(a)(3)...................................................................................................................14

**I.     PRELIMINARY STATEMENT**

Defendant Church & Dwight Co., Inc. ("C&D")'s motion to dismiss asks this Court to peer ahead at the pleading stage, and decide the ultimate merits of Plaintiff Global Brand Holdings, LLC ("Global")'s federal trademark dilution claim based only on Global's Complaint. The inquiry C&D advances is wholly inappropriate at this stage, in which Global is required only to allege facts sufficient to state a plausible claim for dilution — which is precisely what its Complaint does. The issue before the Court is *not* whether Global's XOXO mark is in fact "truly famous", but rather whether Global's Complaint alleges facts sufficient to plausibly support such a finding, thus entitling Global the opportunity to prove its claim. As demonstrated below, Global's Complaint more than meets this minimal, threshold pleading requirement, and it would be entirely improper for the Court to weigh the evidence that Global might present at trial at this early pleading stage.

Indeed, on closer examination, C&D's motion only challenges the sufficiency of Global's dilution claim in one respect — the allegations concerning the fame of Global's XOXO mark. However, C&D's supposed "most generous" interpretation of Global's Complaint ignores a number of specific factual allegations which go directly to its claim of fame, and more than support a plausible inference that Global's XOXO mark has achieved nationwide recognition by the general consuming public. As explained below, the cases cited in C&D's own Memorandum of Law themselves support the denial of its motion. Accordingly, C&D's motion to dismiss Global's claim for federal trademark dilution (Fifth Claim for Relief) should be denied in all respects.

## II. STATEMENT OF FACTS AND PRIOR PROCEEDINGS

### A. RELEVANT ALLEGED FACTS

The following facts are alleged in the noted paragraphs of Global's Complaint, and for purposes of C&D's motion must be taken as true.

Since 1991, Global, its predecessors-in-interest, and its authorized licensees have been selling an expansive array of apparel, toiletries, cosmetics, accessories, and related goods marketed and sold under a family of trademarks consisting of or including the XOXO mark. Compl. ¶¶ 3, 9. Global is the owner of numerous trademarks that consist of or include the XOXO mark, many of which are registered with the U.S. Patent and Trademark Office for use in connection with a variety of goods and services. *Id*. ¶¶ 11, 12. These federal registrations are in full force and effect, and many have achieved incontestable status. *Id*. ¶ 13.

While the staple of the XOXO brand has long been its enormously popular line of women's apparel, including intimates and lingerie, Global's XOXO brand is truly a lifestyle brand that offers an entire suite of goods under Global's XOXO mark. *Id*. ¶ 10. Goods bearing Global's XOXO mark are distributed and sold nationwide by prominent brick and mortar and ecommerce retailers including, for example, Target, Macy's, JC Penney, Boscov's, Walmart, CVS, Walgreens, Amazon.com, Perfumania.com, and Jet.com. *Id*. ¶ 15. Global, its predecessors-in-interest, and its authorized licensees have made hundreds of millions of dollars in wholesale sales of goods bearing the XOXO mark. *Id*. ¶ 16.

Global and its authorized licensees have also invested millions of dollars and decades of time and effort to create consumer recognition in the XOXO trademark, including through advertisements and editorials featuring the XOXO mark in leading mainstream and fashion publications in the United States. *Id*. ¶¶ 18, 19. For example, the goods bearing and sold under the XOXO mark have been featured in leading publications such as Cosmopolitan, Glamour,

2

Seventeen, Latina, Life & Style, and the New York Post. *Id.* ¶ 19. In addition, the XOXO brand received significant media attention in connection with an advertising campaign featuring high fashion models living in a Fifth Avenue storefront display for several days, as well as for its use of some of the most iconic models in history, including Tyra Banks, Christy Turlington, Claudia Schiffer, Miranda Kerr, and Chrissy Teigen. *Id.* ¶¶ 19, 20.

C&D, rather than going to the effort and expense of developing and creating its own unique, source-identifying trademark, not only knowingly adopted Global's XOXO mark in launching a line of condoms, but has replicated the manner in which Global typically presents its XOXO mark to consumers. *Id.* ¶¶ 22, 25. As a result, consumers are likely to believe that C&D's condoms bearing the infringing XOXO mark are authorized, sponsored, approved, endorsed, or licensed by Global, or are in some other way affiliated, associated, or connected with Global. *Id.* ¶ 27. Such unauthorized use of the XOXO mark in connection with condoms is likely to dilute the distinctive qualities of the XOXO mark and tarnish the reputation of the XOXO mark through unsavory or unflattering associations with those goods by consumers. *Id.* ¶¶ 61, 62.

### B.    PROCEDURAL HISTORY

Global filed its Complaint on August 29, 2017. Dkt. 1. Global's Complaint asserts claims against C&D for (1) trademark infringement under the Lanham Act (15 U.S.C. § 1114); (2) false designation of origin under the Lanham Act (15 U.S.C. § 1125(a)); (3) trademark infringement under New York common law; (4) unfair competition under New York common law; (5) trademark dilution under the Lanham Act (15 U.S.C. § 1125(c)); and (6) cancellation of C&D's U.S. Trademark Registration No. 5,242,035 based on likelihood of confusion with and/or dilution of Global's XOXO mark (15 U.S.C. §§ 1064, 1119). C&D filed its motion to dismiss Global's dilution claim under Federal Rule of Civil Procedure 12(b)(6) on October 4, 2017 (Dkt.

17), and on the same date filed an answer to the remaining counts of the Complaint (Dkt. 21). C&D's motion seeks dismissal only of Global's federal dilution claim, and does not challenge any of Global's other claims for relief.

### III.  STANDARD OF REVIEW

There is no heightened pleading requirement for a Lanham Act claim.  *See, e.g.*, *Wellnx Life Sciences Inc. v. Iovate Health Sciences Research Inc.*, 516 F. Supp. 2d 270, 283 n.2 (S.D.N.Y. 2007) (collecting cases).  The Federal Rules of Civil Procedure merely require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief".  Fed. R. Civ. P. 8(a)(2).  "This is not intended to be an onerous burden, as plaintiffs need only allege facts sufficient in order to 'nudge[ ] their claims across the line from conceivable to plausible".  *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, No. 12 Civ. 8205, 2013 WL 3943267, at *2 (S.D.N.Y. July 31, 2013) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).

In considering C&D's Rule 12(b)(6) motion, the Court must accept as true all factual allegations in Global's Complaint, and draw all reasonable inferences in Global's favor.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002); *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).  Further, it is axiomatic that the Court's function in considering C&D's motion is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient".  *Holloway v. King*, 161 F. App'x 122, 124 (2d Cir. 2005) (internal quotation marks omitted).  Therefore, "the issue is not whether [Global] will ultimately prevail but whether [Global] is entitled to offer evidence to support the claims".  *County of Suffolk, New York v. First Am. Real Estate Solutions*, 261 F.3d 179, 187 (2d Cir. 2001) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995), *cert denied*, 519 U.S. 808 (1996)).

## IV. ARGUMENT

### A. GLOBAL'S COMPLAINT STATES A PLAUSIBLE CLAIM FOR FEDERAL TRADEMARK DILUTION

Global's dilution allegations more than meet the minimal pleading requirements imposed by Rule 8(a)(2), and Global should accordingly have the opportunity to offer evidence to support its federal dilution claim.  A claim for trademark dilution under Section 43(c) of the Lanham Act requires allegations that (i) plaintiff's mark is famous; (ii) defendant's use of the mark is made in commerce; (iii) defendant used the mark after plaintiff's mark became famous; and (iv) defendant's use of the mark is likely to dilute the quality of plaintiff's mark by blurring or tarnishment.  *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*, 131 F. Supp. 3d 196, 211 (S.D.N.Y. 2015) (internal citations omitted).  C&D's motion does not contest the sufficiency of Global's allegations with respect to any of the above elements except the first — the fame of Global's XOXO mark — claiming that C&D's fame allegations are insufficient as a matter of law.  *See* Def. Mem. of Law, at 3-8.

Rather than focusing on the actual well-pleaded allegations of Global's Complaint, however, C&D attempts to entice the Court to push straight through to the merits of Global's dilution claim.  To this end, C&D litters its motion with references to wildly successful marks previously found to be famous under the Lanham Act, "such as Nike, Kodak, Buick, Budweiser, Camel cigarettes, Barbie dolls, and the like", and essentially asks the Court to rule that, by comparison, Global's XOXO mark is not as famous.  *Id*. at 5.  This comparison, however, is wholly inappropriate at this stage of the case, where all Global is required to do is *plead* facts sufficient to state a plausible claim for dilution, and not present all available *evidence* to support those allegations — that would be for the summary judgment or trial stage.  In any event, to the extent the Court were to swallow the bait and undertake such an improper analysis, a more

5

appropriate comparison would be to marks that have survived Rule 12(b)(6) motions to dismiss federal dilution claims where the defendant similarly argued that the plaintiff's mark could not plausibly be famous, but the court found that fame had been sufficiently *pleaded*.  Such marks include: "ROOM IN A BOX", "BRAINSPOTTING", "NELSON", "MONROE", "MICHAEL LEWITTES", "MISTER SOFTEE" and "ROMEO JULIETTE LASER".  *A.V.E.L.A., Inc.*, 131 F. Supp. 3d at 196; *George Nelson Foundation v. Modernica, Inc.*, 12 F. Supp. 3d 635, 649 (S.D.N.Y. 2014); *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, No. 08 Civ. 442, 2014 WL 4723299, at *4 (S.D.N.Y. Sept. 23, 2014); *Mister Softee, Inc. v. Marerro*, No. 04 Civ. 4011, 2004 WL 2368009, at *3 (S.D.N.Y. Oct. 21, 2004); *Lewittes v. Cohen*, No. 03 Civ. 189, 2004 WL 1171261, at *6 (S.D.N.Y. May 26, 2004); *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 240 (S.D.N.Y. 2000).

In any event, comparisons to other marks is not the point — it is the allegations going to the fame of Global's XOXO mark which are determinative.  In this regard, C&D's contention that "Global's allegations amount to nothing more than a formulaic recitation" is itself nothing more than a formulaic regurgitation of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and is entirely misplaced.  *See* Def. Mem. of Law, at 5-6.  In addition, C&D chooses to ignore the many factual allegations in the Complaint supporting the plausibility of the XOXO mark's *nationwide* fame.

### 1. *Global's Complaint Alleges More Than Enough Facts To Permit A Plausible Inference That Its XOXO Mark Is Famous*

The 2006 Trademark Dilution Revisions Act defines a mark as "famous" if it is "widely recognized by the general consuming public of the United States".  15 U.S.C. § 1125(c)(2).  At the pleading stage, however, Global is not required to *prove* that this is the case, but only to *allege* sufficient facts permitting a plausible inference that its XOXO mark is so "widely recognized".  *See, e.g.*, *Grand v. Schwarz*, No. 15 Civ. 8779, 2016 WL 2733133, at *5 (S.D.N.Y.

May 10, 2016) ("Although it is unclear whether Plaintiff will ultimately be able to prevail on his trademark dilution claim, Plaintiff has pleaded sufficient facts to defeat Defendant's Motion to Dismiss."). Global's Complaint does just that, and then some.

The Lanham Act identifies four non-exclusive factors that a court may consider in determining whether a mark is famous: "(i) the duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties; (ii) the amount, volume, and geographic extent of sales of goods or services offered under the mark; (iii) the extent of actual recognition of the mark; and (iv) whether the mark was registered". 15 U.S.C. § 1125(c)(2)(A)(i)-(iv). While the factual allegations in Global's Complaint that support a plausible inference of fame generally fall into these categories, they are not a "formulaic recitation" as C&D contends.

Thus, under *Iqbal*, a formulaic recitation of the elements of a claim[1] is conceptualized as an "unadorned, the-defendant-unlawfully-harmed-me accusation". *Iqbal*, 556 U.S. at 678 (internal citation omitted). Here, Global does the opposite of such an "unadorned accusation", providing "further factual enhancement" to support its claim that its mark is famous. *See id*. (internal citation omitted). In particular, Global specifically alleges that:

- The XOXO mark is federally registered in numerous classes for various goods and services, and has been in use for over a quarter century (Compl. ¶¶ 9, 11-14);

- A wide variety of goods — including, without limitation, apparel, intimates and lingerie, toiletries, cosmetics, perfumes, shoes, luggage and eyeglasses — bearing the XOXO mark are distributed and sold nationwide by prominent

---

[1] C&D's reliance on *Iqbal* is misplaced. The factors listed in Section 43(c) of the Lanham Act are not *elements* of a federal dilution claim, but rather a list of non-exclusive factors a court may consider in deciding whether the fame element of such a claim has been met. Unlike the elements of a claim, Global is not required to plead the existence of each listed factor in order to support a plausible finding that its XOXO mark is famous.

        retailers such as Target, Macy's, JC Penney, Boscov's, Walmart, CVS, Walgreens, Amazon.com, Perfumania.com, and Jet.com (*id.* ¶ 15);

- Global, its predecessors-in-interest, and its authorized licensees have made hundreds of millions of dollars in wholesale sales of goods bearing the XOXO mark (*id.* ¶ 16); and

- Global has invested millions of dollars to create general consumer recognition in the XOXO mark, including through advertising campaigns that have appeared in prominent nationwide publications such as Cosmopolitan, Glamour, Seventeen, Latina, and Life & Style, and which have received significant media attention through the use of iconic supermodels including Tyra Banks, Christy Turlington, Claudia Schiffer, Miranda Kerr, and Chrissy Teigen (*id.* ¶¶ 18-20).

        Indeed, courts in this District have found fame to be sufficiently pleaded where supported by far less "factual enhancement" than that which appears in Global's Complaint. For example, in *George Nelson Foundation v. Modernica, Inc.*, the court found that the plaintiff had adequately pleaded the fame of its allegedly diluted "George Nelson" and "Nelson" marks, because the complaint alleged that the marks had been in use for more than 60 years "with some of the most famous designs of the 20th century", and that the marks were published on the cover of Life Magazine and in World's Fair. 12 F. Supp. 3d 635, 649 (S.D.N.Y. 2014). In so holding, the court specifically noted that "publication in well-known national magazines supports a showing the mark is famous". *Id*.

        Just like the complaint in *George Nelson Foundation*, Global's Complaint alleges that "[a]dvertisements, news articles, and editorials featuring the XOXO Trademarks have appeared in leading mainstream and fashion publications in the U.S., including, for example, Cosmopolitan, Glamour, Seventeen, Latina, Life & Style, and the New York Post", and that the XOXO mark has been in use for over 25 years. Compl. ¶¶ 9, 19. Indeed, Global's Complaint goes much further, among other things: (i) describing a specific XOXO advertising campaign that received significant media attention; (ii) referencing the use of iconic, nationally-known models in advertisements of XOXO-branded goods; (iii) alleging the investment of millions of

8

dollars directed to creating consumer recognition of the XOXO mark; and (iv) pointing to wholesale sales of hundreds of millions of dollars of goods bearing the XOXO mark. *Id*. ¶¶ 16, 18, 19.

Notably, then, were this Court to deny C&D's motion (which it should), it would not be a one-off instance — courts in this District have repeatedly found the "fame" element of a federal dilution claim to have been sufficiently pleaded based on far more limited "factual enhancement" than what Global has pleaded here.  For example, in *Grand*, 2016 WL 2733133, at *5, the court found fame to have been sufficiently alleged where the plaintiff simply pleaded that the mark was "well recognized by the relevant purchasing public", and that after "investment of significant time and money" the mark was a "unique identifier of services provided by [the] [p]laintiff".  *See also Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, No. 12 Civ. 5105, 2014 WL 3950897, at *10 (S.D.N.Y. Aug. 13, 2014) (finding it plausible that "Bette Davis" constitutes a famous mark based on the allegations that the mark is "widely recognized", and that Davis had an acclaimed career with the "attendant fame and prominence"); *Romeo & Juliette Laser Hair Removal*, 2014 WL 4723299, at *4 (finding fame to be sufficiently alleged where "Plaintiff asserts that its marks were used widely in advertisements on the internet and that its services were readily searchable through internet search engines"); *Mister Softee*, 2004 WL 2368009, at *3 (denying defendant's motion to dismiss trademark dilution claim as "the Complaint adequately alleges that Mister Softee's marks and trade dress are famous based on its contention that they have been 'continuously used and advertised … throughout the region'"); *Lewittes*, 2004 WL 1171261, at **5-6 (finding fame to be sufficiently alleged where the complaint stated that the mark was in use for a quarter century, "achieved nationwide recognition and respect", and had appeared in numerous television programs); *GMA Accessories, Inc.*, 157 F.

9

Supp. at 241 (denying defendant's motion to dismiss federal dilution claim where its sole argument was that plaintiff's mark was not famous, because plaintiff had alleged that its mark was "famous" and "distinctive"). In comparison to all these cases, Global's allegations of fame are far more robust.

But it does not end there. In *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe*, the court found the fame element of a dilution claim to be adequately pleaded based on allegations remarkably similar to those Global has made here, including that (i) certain "Monroe"-related marks had been used "continuously and pervasively in connection with a wide range of goods and services"; (ii) Monroe had expended "substantial efforts and significant sums of money promoting and advertising" the marks "throughout the United States and internationally"; (iii) there was a "significant publicity" related to the Monroe marks; (iv) there had been "significant sales of licensed merchandise and services"; (v) products bearing the Monroe marks had been sold throughout the United States; and (vi) the marks were registered. *A.V.E.L.A.*, 131 F. Supp. 3d at 216 (internal citation omitted). Similarly, Global's Complaint alleges that (i) the XOXO trademark has been in use for over a quarter century in connection with "an entire suite of products"; (ii) Global expended "millions of dollars and decades of time and effort to create consumer recognition in the XOXO Trademarks"; (iii) there has been "significant media attention" paid to XOXO trademark advertising campaigns; (iv) there have been "hundreds of millions of dollars in wholesale sales of goods bearing the XOXO Trademarks"; (v) products bearing the XOXO marks have been distributed and sold throughout the United States; and (vi) the marks are registered. Compl. ¶¶ 9, 10, 12, 15, 16, 18-20. Accordingly, this Court should come out the same way as the court in *A.V.E.L.A.* — motion to dismiss denied.

### 2. *Global's Complaint Alleges More Than Enough Facts To Permit A Plausible Inference That Its XOXO Mark Is Famous Nationwide*

As for C&D's argument that if anything, Global has merely alleged that its XOXO mark is famous only among a niche group, that argument too is falsely premised. As illustrated above, and despite C&D's protestations, Global has alleged more than sufficient facts to permit a plausible inference that its XOXO marks are famous not just among the niche group of "young women", but in the general nationwide marketplace. C&D attempts to distort Global's pleading by arguing that because Global has alleged that the "majority of [its] XOXO-branded products are designed for young women", the XOXO mark cannot be famous in the general marketplace as a matter of law. C&D's argument fails for any number of reasons.

First, despite claiming to "most generous[ly] interpret[ ]" the allegations in Global's Complaint, C&D fails to acknowledge numerous factual allegations that would support the finding that the XOXO mark enjoys nationwide fame. In fact, C&D neglects to mention that just one sentence after alleging that the majority of its XOXO-branded products are designed for young women, Global alleges that the "XOXO brand is a truly lifestyle brand that offers an entire suite of products" beyond its women's apparel line. Compl. ¶ 10. C&D also ignores the portions of the Complaint, already discussed in detail above, which allege the (i) widespread promotion and advertising of goods bearing the XOXO mark in leading mainstream and fashion publications in the United States; (ii) nationwide distribution of goods bearing the XOXO mark by prominent retailers; and (iii) wholesale sales of goods bearing the XOXO mark in the hundreds of millions of dollars. *Id*. ¶¶ 16, 19; *cf. George Nelson Found.*, 12 F. Supp. 3d at 649 (finding the allegation of publication of a mark in well-known national magazines alone to support a showing of fame). Simply put, the fact that one's product line is designed for a specific gender or demographic target does not prevent that mark from achieving fame in the

11

general marketplace. Indeed, C&D's own examples of "truly famous" marks belies this argument, as there can be no dispute that "Barbie dolls" are predominantly targeted to a niche market — adolescent girls — and yet apparently C&D does not dispute that the "Barbie dolls" mark is generally famous. *See* Def. Mem. of Law, at 5. In any event, Global's Complaint alleges more than sufficient facts to entitle it to the opportunity to offer evidence to prove up its allegations of fame, which is the only real issue on this motion.

It should also not surprise the Court that the cases C&D relies on to bolster its "niche fame" argument actually support the denial of its motion. For example, C&D cites *Helios International S.A.R.L. v. Cantamessa USA, Inc.*, No. 12 Civ. 8205, 2013 WL 3943267 (S.D.N.Y. July 31, 2013), *Luv N' Care, Ltd. v. Regent Baby Products Corp.*, 841 F. Supp. 2d 753 (S.D.N.Y. 2012), and *Heller Inc. v. Design Within Reach, Inc.*, No. 09 Civ. 1909, 2009 WL 2486054 (S.D.N.Y. Aug. 14, 2009) for the proposition that "Courts in the Second Circuit routinely dismiss federal dilution claims for failure to state a claim where the 'fame' allegations are limited to a niche market". Def. Mem. of Law, at 7. The pleadings in these three cases, however, are readily distinguishable from the allegations in Global's Complaint.

Thus, in both *Helios International* and *Heller*, the courts found the plaintiff's fame allegations wanting because the allegations themselves were limited to a certain narrow category or demographic. In *Helios International*, the plaintiff *specifically* alleged that the Crown Logo and Cantamessa marks at issue "have an extremely high degree of recognition *among consumers of luxury jewelry*". *Helios Int'l*, 2013 WL 3943267, at *10 (emphasis in original). Similarly, in *Heller*, the plaintiff *specifically* alleged that the Bellini chair mark at issue was well-known to "the relevant public interested in contemporary furniture". *Heller*, 2009 WL 2486054, at *4. Global, on the other hand, makes no such limiting allegations of fame in its Complaint. To the

contrary, Global alleges that "the *consuming public* has come to associate the XOXO Trademarks with high quality goods and services emanating exclusively from Global". Compl. ¶ 18 (emphasis added).

*Luv N' Care* is also readily distinguishable. In that case, the court dismissed the plaintiffs' federal dilution claim because they did not allege any facts "regarding their advertising and publicity of the marks of the particular product in suit, nor do they plead that their marks are registered." *Luv N' Care*, 841 F. Supp. 2d at 757. That is not the case here, where Global alleges that its XOXO mark is registered in multiple classes for a wide variety of goods and services (Compl. ¶ 12), and that millions of dollars have been spent creating consumer recognition of the XOXO mark, including advertisements in national publications featuring famous, iconic models (*id*. ¶¶ 18, 19). The *Luv N' Care* court also took issue with the plaintiffs' allegations regarding the revenue generated from the sale of goods under their trademarks, as it was not clear from the pleading the extent to which such sales had occurred in the United States. *Luv N' Care*, 841 F. Supp. 2d at 757. Again, this is not the case here, where Global has alleged that goods bearing the XOXO trademark are distributed and sold nationwide, and have generated hundreds of millions of dollars in wholesale sales in the U.S. Compl. ¶¶ 15, 16.

### B. TO THE EXTENT THE COURT GRANTS C&D'S MOTION, GLOBAL SHOULD BE GRANTED LEAVE TO REPLEAD

C&D asks this Court to dismiss Global's federal trademark dilution claim with prejudice, and to deny Global any opportunity to replead. Assuming, however, that the court finds any merit to the substance of C&D's arguments, which it should not, any dismissal of Global's federal trademark dilution claim should be *without* prejudice, and Global should be granted leave to replead.

Federal Rule of Civil Procedure 15(a) creates a lenient policy toward repleading, and instructs courts to permit leave to replead "freely … when justice so requires." Fed. R. Civ. P. 15(a)(3). It is, therefore, "the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). Indeed, refusal to grant leave to replead without any justifying reason is considered an abuse of discretion. *Id*. (internal citation omitted). Here, C&D articulates no reason why a dismissal should be with prejudice, so even if the Court were inclined to credit C&D's arguments, it would be far from futile for Global to replead its federal trademark dilution claim.

## V. CONCLUSION

For all the foregoing reasons, Global requests that this Court deny C&D's motion to dismiss Global's federal trademark dilution claim.

Dated: New York, New York  
October 18, 2017

ARNOLD & PORTER KAYE SCHOLER LLP

By:    /s/ *Louis S. Ederer*  
    Louis S. Ederer  
    louis.ederer@apks.com  
    Matthew T. Salzmann  
    matthew.salzmann@apks.com  
    Harry K. Fidler  
    harry.fidler@apks.com  
    250 West 55th Street  
    New York, New York 10019-9710  
    Phone: (212) 836-8000  
    Fax: (212) 836-8689

    *Attorneys for Plaintiff*  
    *Global Brand Holdings, LLC*