Brendan J. O'Rourke
Lee M. Popkin
Tiffany M. Woo
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel:  212.969.3000
Fax:  212.969.2900
*Attorneys for Defendant*
*Church & Dwight Co., Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GLOBAL BRAND HOLDINGS, LLC,                 :
                                            :   No. 1:17-cv-06571-KBF
                          Plaintiff,        :
                                            :
              v.                            :
                                            :
CHURCH & DWIGHT CO., INC.,                  :
                                            :
                          Defendant.        :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO**
**DISMISS PLAINTIFF'S FEDERAL TRADEMARK DILUTION CLAIM**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   GLOBAL'S INABILITY TO SATISFY THE "FAMOUS" REQUIREMENT OF SECTION 1125(C) CAN BE DECIDED ON A MOTION TO DISMISS ............................ 1

II.  GLOBAL DOES NOT PLAUSIBLY PLEAD THAT ITS XOXO MARK IS "TRULY FAMOUS," AS SECTION 1125(C) REQUIRES .................................................... 3

    A.   The Complaint Alleges That Global's Products Are Marketed Toward The Niche Market of "Young, Fashion-Conscious Women." ....................................... 3

    B.   Global's "Hundreds Of Millions Of Dollars In Wholesale Sales" Over The Course Of 26 Years Is Insufficient To Show That Its Mark Is "Famous." ............. 6

    C.   Global's Allegation That it Spent "Millions of Dollars" to Increase Consumer Recognition is Not Enough to Plead Fame. ............................................................ 7

    D.   Global's Registration And Continuous Use of The XOXO Mark Are Not Sufficient to Adequately Allege Fame. .................................................................. 8

III. THE CASES GLOBAL CITES DO NOT SHOW THAT THE "FAME" REQUIREMENT HAS BEEN ADEQUATELY PLED HERE ............................................ 8

IV.  CONCLUSION ........................................................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)............................................................................................1, 3, 8, 9

*Avery Dennison Corp. v. Sumpton,*
    189 F.3d 868 (9th Cir. 1999) ................................................................................2, 4

*Bd. of Regents, Univ. of Tex. Sys. v. KST Elec., Ltd.,*
    550 F. Supp. 2d 657 (W.D. Tex. 2008)......................................................................6

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ..................................................................................................8

*Boarding Sch. Review, LLC v. Delta Career Educ. Corp.,*
    No. 11 Civ. 8921, 2013 WL 6670584 (S.D.N.Y. Mar. 29, 2013) ...................3, 7, 8

*Coach Servs., Inc. v. Triumph Learning, LLC,*
    668 F.3d 1356 (Fed. Cir. 2012)................................................................................8

*Erickson Beamon Ltd. v. CMG Worldwide, Inc.,*
    No. 12 Civ. 5105, 2014 WL 3950897 (S.D.N.Y Aug. 13, 2014) ......................9, 10

*George Nelson Foundation v. Modernica, Inc.,*
    12 F. Supp. 3d 635 (S.D.N.Y. 2014)......................................................................10

*GMA Accessories, Inc. v. Idea Nuova, Inc.*
    157 F. Supp. 2d 234 (S.D.N.Y. 2000)......................................................................9

*Grand v. Schwarz,*
    15-CV-8779, 2016 WL 2733133 (S.D.N.Y May 10, 2016) ...................................10

*Helios Intern. S.A.R.L. v. Cantamessa USA, Inc.,*
    No. 12 Civ. 8205, 2013 WL 3943267 (S.D.N.Y. July 31, 2013) ........................3, 5

*Heller Inc. v. Design Within Reach, Inc.,*
    No. 09 Civ. 1909, 2009 WL 2486054........................................................................5

*Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC,*
    16 Civ. 1318, 2017 WL 696126 (S.D.N.Y. Feb. 15, 2017)...............................2, 6, 7

*Legal Servs. Corp. v. Velazquez,*
    531 U.S. 533 (2001)................................................................................................10

*Lewittes v. Cohen*,
    No. 03 Civ. 189, 2004 WL 1171261 (S.D.N.Y. May 26, 2004)................................................9

*Luv N' Care Ltd. v. Regent Baby Prods. Corp.*,
    841 F. Supp. 2d 753 (S.D.N.Y. 2012).............................................................................. passim

*Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*,
    703 F. Supp. 2d 671 (W.D. Ky. 2010)...................................................................................8

*Michael Caruso & Co. v. Estefan Enterprises, Inc.*,
    994 F. Supp. 1454 (S.D. Fla. 1998) ......................................................................................5

*Mister Softee v. Marerro*,
    No. 04 Civ. 4011, 2004 WL 2368009 (S.D.N.Y. Oct. 21, 2004) ......................................9, 10

*Schutte Bagclosures Inc. v. Kwik Lok Corp.*,
    48 F. Supp. 3d 675, 702 (S.D.N.Y. 2014) .............................................................................3

*Small Bus. Bodyguard, Inc. v. House of Moxie, Inc.*,
    No. 14 Civ. 7170, 2014 WL 5585339 (S.D.N.Y. Oct. 30, 2014) .............................................4

*TCPIP Holding Co. v. Haar Commc'ns, Inc.*,
    244 F.3d 88 (2d Cir. 2001)...........................................................................................2, 7, 10

*Urban Grp. Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*,
    No. 12 Civ. 3599, 2013 WL 866867 (S.D.N.Y. Mar. 8, 2013) .........................................3, 7, 8

## STATUTES

15 U.S.C. § 1125(c)(2)(A) ..................................................................................................1, 3, 4

This motion to dismiss asks a single, simple question:  Based on the Court's "judicial experience and common sense," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and on the pleaded facts taken as true, is it "plausibl[e]" to conclude that Global's XOXO mark is as ubiquitous and well-known as Budweiser, Nike, Buick, Barbie, or Kodak?  Global's trademark dilution claim fails because the answer is "no," as a matter of law.

## I.   GLOBAL'S INABILITY TO SATISFY THE "FAMOUS" REQUIREMENT OF SECTION 1125(C) CAN BE DECIDED ON A MOTION TO DISMISS

To survive a motion to dismiss, Global is required to plead facts that would, if true, permit a rational trier-of-fact to conclude that its XOXO mark is "famous," meaning that it is "*widely recognized* by the *general consuming public of the United States* as a designation of source of the goods or services of the mark's owner."  15 U.S.C. § 1125(c)(2)(A) (emphases added.)  Global agrees with that legal standard, but argues that it is "wholly inappropriate" for the Court to "peer ahead at [*sic*] the pleading stage[.]"  Opp. at 1.  In effect, Global contends that the Court is required to let its dilution claim survive because the question of whether the XOXO mark is "truly famous" is necessarily one of fact.

Global is wrong.  Dilution is "an extraordinary remedy" that is to "be used in the rare circumstance and not as the alternative pleading."  4 J. McCarthy, *McCarthy on Trademarks and Unfair Competition*, §24:104 (5th ed. 2017) (citing H.R. Rep. No. 109-23, at 25, *reprinted in* 109 U.S.C.A.N.N. 1091 (Statement of Rep. Howard L. Berman)).  And, in order to restrict anti-dilution protection to the "truly famous" marks for which it is intended, courts must "be rigorous and demanding" even when "evaluating *allegations* of fame."  4 J. McCarthy, *supra*, at § 24:104 n.42 (emphasis added).[1]

Congress intentionally set a very high bar for the required showing of "fame" under the Lanham Act and thus dilution claims are susceptible of determination at the pleading stage.  The

---

[1] As one commentator on the scope of the federal anti-dilution law has written, "[o]ne initial rule of thumb may be that if the finder of fact is a long-time resident of the United States and has not heard of the mark or is only vaguely familiar with it, then the mark is probably not 'famous' for purposes of anti[-]dilution protection. . . . The TDRA is simply not intended to protect trademarks whose fame is at all in doubt."  Barton Beebe, *A Defense of the New Federal Trademark Antidilution Law,* 16 Fordham Intell. Prop. Media & Ent. L.J. 1143, 1174 n.86 (2006).

dilution cause of action provides the owner of a trademark "a far greater scope of exclusivity" than typically provided by trademark law. *TCPIP Holding Co. v. Haar Commc'ns, Inc.*, 244 F.3d 88, 95 (2d Cir. 2001). Federal anti-dilution law "permits the owner of a qualified, famous mark to enjoin junior uses throughout commerce, regardless of the absence of competition or confusion." *Id.* Affording such powerful protection to marks based on anything less than the highest showing of fame "would upset the balance in favor of over-protecting trademarks, at the expense of potential non-infringing uses." *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 875 (9th Cir. 1999) (vacating permanent injunction after finding that plaintiff's trademarks were insufficiently famous, and remanding with instructions to enter judgment for defendant); *see TCPIP Holding Co.*, 244 F.3d at 95 (citing *Avery Dennison Corp.* for its "characteriz[ation of] the Dilution Act as coming 'very close to granting rights in gross in a trademark'"). A mark must therefore be "'truly famous' before a court will afford the owner of the mark the 'vast protections' of § 1125(c)." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 16 Civ. 1318, 2017 WL 696126, at *22 (S.D.N.Y. Feb. 15, 2017) (*quoting Savin Corp. v. Savin Grp.*, 391 F.3d 439, 449 (2d Cir. 2004)), *report and recommendation adopted sub nom. Joint Stock Co. v. Infomir LLC*, 16 Civ. 1318, 2017 WL 2988249 (S.D.N.Y. Mar. 27, 2017).

As the Second Circuit observed in *TCPIP Holding*, brands like Dupont, Buick, and Kodak exemplify famous marks entitled to anti-dilution protection. All of these are "marks that for the major part of the century have been household words throughout the United States. They are representative of the best known marks in commerce." *TCPIP Holding Co.*, 244 F.3d at 99.[2] Courts in this district have similarly explained that Section 1125(c) "restrict[s] dilution causes of action to those few truly famous marks like Budweiser beer, Camel cigarettes, Barbie Dolls, and

---

[2] The "famous" requirement is more exacting today than in 2001, when *TCPIP Holding* was decided. The Trademark Dilution Revision Act of 2006 made the Act even "more rigorous in its test for 'fame' than was the original 1996 Act." 4 J. McCarthy, *supra*, at § 24:104; *see also Luv N' Care*, 841 F. Supp. 2d at 758 (noting that "the TDRA's predecessor, the Federal Trademark Dilution Act of 1995, . . .did not include the requirement that the mark be widely recognized by the general consuming public"). As McCarthy notes, the revised requirement was intended to act "as a potent filter to permit only truly prominent and renowned marks to qualify." 4 J. McCarthy, *supra*, at § 24:104.

the like." *Luv N' Care Ltd. v. Regent Baby Prods. Corp.*, 841 F. Supp. 2d 753, 758 (S.D.N.Y. 2012).  It is not enough to "have achieved a level of national prominence"; what is required is that the mark sought to be protected from dilution be "so ubiquitous and well-known" that it can "stand toe-to-toe with Buick or Kodak." *Id.* (quoting *Bd. of Regents, Univ. of Tex. Sys. v. KST Elec., Ltd.*, 550 F. Supp. 2d 657, 678 (W.D. Tex. 2008) (internal quotation marks omitted)); *Schutte Bagclosures Inc. v. Kwik Lok Corp.*, 48 F. Supp. 3d 675, 702 (S.D.N.Y. 2014) ("[C]ourts generally have limited famous marks to those that receive multi-million dollar advertising budgets, generate hundreds of millions of dollars in sales annually, and are almost universally recognized by the general public").

In short, the standard for "fame" under the Lanham Act is fully compatible with a motion to dismiss on the pleadings where a plaintiff, like Global, cannot plausibly assert that the recognition of its mark among "the general consuming public of the United States" (15 U.S.C. § 1125(c)(2)(A)) at "least approach[es] (if not attain[s]) the status [of a] 'household name[.]'" *Urban Grp. Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, No. 12 Civ. 3599, 2013 WL 866867, at *6 (S.D.N.Y. Mar. 8, 2013).  Global's XOXO mark cannot meet that high threshold, which requires showing more than the "sheer possibility" that XOXO is a household name. *Iqbal,* 556 U.S. at 678.  Faced with similar facts, courts in this district have not hesitated to grant the dismissal of dilution claims under 12(b)(6).[3]

## II.  GLOBAL DOES NOT PLAUSIBLY PLEAD THAT ITS XOXO MARK IS "TRULY FAMOUS," AS SECTION 1125(C) REQUIRES

### A.  The Complaint Alleges That Global's Products Are Marketed Toward The Niche Market of "Young, Fashion-Conscious Women."

Global claims it has made out a plausible claim for the famousness of its XOXO mark based on the distribution and sales of XOXO-branded goods "nationwide by prominent

---

[3] *E.g.*, *Helios Intern. S.A.R.L. v. Cantamessa USA, Inc.*, No. 12 Civ. 8205, 2013 WL 3943267 (S.D.N.Y. July 31, 2013); *Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*, No. 11 Civ. 8921, 2013 WL 6670584 (S.D.N.Y. Mar. 29, 2013) ; *Urban Grp. Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, No. 12 Civ. 3599, 2013 WL 866867 (S.D.N.Y. Mar. 8, 2013); *Luv N' Care, Ltd.*, 841 F. Supp. 2d 753 (S.D.N.Y. 2012).

retailers." Compl. ¶ 15.[4]  Niche fame, or "fame limited to a particular channel of trade, segment of industry or service, or geographic region" cannot satisfy the fame requirement of Section 1125(c).  *Luv N' Care*, 841 F. Supp. 2d at 758 (internal citations omitted).  Recognition of the mark "must exist in the general marketplace, not in a niche market."  *Small Bus. Bodyguard, Inc. v. House of Moxie, Inc.*, No. 14 Civ. 7170, 2014 WL 5585339, at *7 (S.D.N.Y. Oct. 30, 2014) (internal citations and quotations omitted).  There are two dimensions of niche fame: "(1) fame in a local territorial area; and (2) fame only within a particular line of product or services."  4 J. McCarthy*, supra*, at § 24:105.  The allegation of nationwide sales may be sufficient to plausibly claim that recognition of Global's XOXO mark is not limited to a local territory, but it does not address the other dimension of niche fame: recognition that is limited to a specific segment of the consuming public (here, young women).

At the same time Global pleads that its products are sold by national retailers, Global alleges in its Complaint and concedes in its Opposition that "[t]he majority of Global's XOXO-branded products are designed for young women."  Compl. ¶ 10; Opp. at 11.  Further, Global admits that "the staple of the XOXO brand has long been is [*sic*] its enormously popular line of women's apparel, including intimates and lingerie. . . ."  Compl. ¶ 10.  The conclusory allegation that "Global's XOXO brand is truly a lifestyle brand that offers an entire suite of products"—an assertion plainly aimed at satisfying Section § 1125(c)(2)(A)'s requirement that a mark be "widely recognized by the general consuming public of the United States"—does not change the fact that, according to its own admission, Global markets and sells its products to a specific category of "target consumers[:]. . .young, fashion-conscious women."  Compl. ¶ 10; *see also id.*, at ¶ 19 (noting the XOXO mark has appeared in "Cosmopolitan, Glamour, Seventeen, Latina, Life & Style, and the New York Post," all but the last of which is aimed at women).  Global

---

[4] Separately, the alleged fact that XOXO products are sold at retailers such as Target, Macy's, CVS, and Amazon.com cannot provide a sufficient basis from which to state that a mark is "famous."  Were it otherwise, any of the millions of brands collectively sold by these retail outlets would be able to plausibly allege "fame" under the Lanham Act.  That is not the law.  *See Avery Dennison Corp.*, 189 F.3d at 875 (The dilution cause of action was "invented and reserved for a select class of marks—those marks with such powerful consumer associations that even non-competing uses can impinge on their value.")

argues that "the fact that one's product line is designed for a specific gender or demographic target does not prevent [a] mark from achieving fame in the general marketplace." Opp. at 11-12. This may be true as a general proposition, but the allegations in Global's complaint do not provide a basis for plausibly inferring that recognition of XOXO extends beyond a limited, niche segment of the marketplace.

Fame among fashion-conscious young women is not sufficient to state a claim for federal trademark dilution. *Michael Caruso & Co. v. Estefan Enterprises, Inc.*, 994 F. Supp. 1454 (S.D. Fla. 1998), is instructive on this point. The court there denied a motion for preliminary injunction in a case alleging trademark dilution, noting that the plaintiff—a producer of apparel for young women—could not establish that its mark was "famous," even though it was unquestionably well-known to a narrow segment of consumers. "[W]hile 'Bongo' may be a distinctive mark in the junior women's apparel market," concluded *Caruso*, "it is not a generally famous mark like 'Exxon' and 'Kodak.'" *Id.*, at 1463 (*aff'd sub nom. Caruso v. Estefan*, 166 F.3d 353 (11th Cir. 1998)). Global likewise fails to allege recognition by "the whole consuming public of all of the United States." 4 J. McCarthy, *supra*, at § 24:105 (citing cases).

Despite Global's assertions to the contrary, *Helios Int'l S.A.R.L., Luv N' Care,* and *Heller Inc.* support dismissal of Global's federal trademark dilution claim. In all three of those cases, the court dismissed a federal trademark dilution claim at the pleading stage where the alleged recognition of plaintiff's mark was limited to a niche market. *See Helios Int'l S.A.R.L.*, 2013 WL 3943267, at *10 (granting motion to dismiss federal dilution claim where Cantamessa brand of jewelry famous only "among consumers of luxury jewelry."); *Luv N' Care*, 841 F. Supp. 2d at 759 (granting motion to dismiss federal dilution claim where Luv N' Care trademarks not "recognized beyond a niche market, i.e., the baby product market."); *Heller Inc. v. Design Within Reach, Inc.*, No. 09 Civ. 1909, 2009 WL 2486054, at *4 (granting motion to dismiss federal dilution claim where Bellini Chair trademark famous only among the segment of the consuming "public interested in contemporary furniture."). That Global did not specifically allege recognition of its product was limited to young, fashion-conscious women is of no moment

where: (1) its allegations of fame among the general consuming public consist of conclusory labels; and (2) the substance of the factual allegations in the complaint can only be read to support recognition in a niche market.

### B.   Global's "Hundreds Of Millions Of Dollars In Wholesale Sales" Over The Course Of 26 Years Is Insufficient To Show That Its Mark Is "Famous."

Famous marks are limited to those that "generate hundreds of millions of dollars in sales *annually*." *Channel One*, 2017 WL 696126, at *23 (emphasis added); *see Bd. of Regents v. KST Elec., Ltd*., 550 F. Supp. 2d 657, 678 (W.D. Tex. 2008) (Texas University Longhorn logo not famous despite retail sales in stores such as Target and Wal-Mart totaling nearly $400 million in a single year).  Global alleges merely that "[s]ince 1991"—meaning over the course of 26 years—it has "made hundreds of millions of dollars in wholesale sales of goods bearing the XOXO Trademarks." Compl. ¶ 16.  That is not enough.  Global does not specify what it means by "hundreds of millions of dollars," but even assuming the figure were as high as $500 million in sales, that would be less than $20 million per year on average.

In *Luv N' Care*, a court in this district found, on a motion to dismiss, that a similar allegation—that the plaintiff had "generated hundreds of millions of dollars in revenue from the sale of goods under their trademarks"—did not support the plaintiff's claim that its marks were "famous."  841 F. Supp. 2d at 757.  Contrary to Global's assertion, *Luv N' Care* did not find this allegation insufficient solely because "it was not clear from the pleading the extent to which such sales had occurred in the United States."  Opp. at 13.  The court in fact stated that the allegation failed to specify "the amount, volume, and geographic extent of sales of [the various] goods," citing 15 U.S.C. § 1125(c)(2)(A)(ii), which asks courts to consider "[t]he amount, volume, and geographic extent of sales of goods or services offered under the mark."  *Luv N' Care*, 841 F. Supp. 2d at 757.  In other words, the court found that a vague allegation of "hundreds of millions" in sales could not support a finding of "fame" under factor (ii) of the TDRA.  That reasoning applies equally here.

### C.     Global's Allegation That it Spent "Millions of Dollars" to Increase Consumer Recognition is Not Enough to Plead Fame.

Global claims to have invested "millions of dollars" over the course of two-and-a-half decades "to create general consumer recognition in the XOXO mark."  Compl. ¶ 18.  This allegation does not provide a basis from which the Court can "infer that the advertising and publicity of the mark has had such an impact on the public mind of the 'general consuming public of the United States'" so as to make plausible the label "famous."  4 J. McCarthy, *supra*, § 24:106.  In *Boarding School Review*, a court in this district dismissed a counterclaim for dilution where the defendants pled only that they had invested "'enormous' sums of money in marketing." 2013 WL 6670584 at *7.  Similarly here, Global's vague allegation of "millions of dollars" spent "to create consumer recognition" is insufficient to save its claim of famousness. *See also TCPIP Holding Co. v. Haar Commc'ns Inc.*, 244 F.3d 88, 99-100 (2d Cir. 2001) (holding "tens of millions" of dollars spent on advertising insufficient to show "fame").

Nor does the allegation that "[a]dvertisements, news articles and editorials featuring the XOXO Trademarks have appeared in leading mainstream and fashion publications in the U.S." such as "Cosmopolitan, Glamour, Seventeen, Latina, Life & Style, and the New York Post" salvage Global's claim.  Compl. ¶ 19.  Courts in this district have found more extensive publicity efforts insufficient to allege "fame" at the motion to dismiss stage.  The plaintiff in *Urban Group Exercise*, for example, alleged that: (1) the advertising spend for the "Urban Rebounder" topped $4.8 million in a single year; (2) the "Urban Rebounder" trade dress had been featured on "several notable television networks such as NBC, CNBC, FitTV, QVC, CNN, NY1, Lifetime, Headline News, Home and Garden Television (HGTV) as well as . . . on *The Today Show* and *The View*"; and (3) the "Urban Rebounder" had "been advertised and depicted in . . . Allure, Fit, Home and Garden, Style Magazine, The New York Daily News, U.S. Today, and Upscale Magazine."  2013 WL 866867, at *2.  The court nevertheless found that the plaintiff's allegations of "extensive overall sales and advertising for [the] product line" were insufficient to

establish the required level of general public recognition and granted defendant's motion to dismiss plaintiff's federal trademark dilution claim with prejudice. *Id.*, at *6.

    **D.**    **Global's Registration And Continuous Use of The XOXO Mark Are Not Sufficient to Adequately Allege Fame.**

The absence of a trademark registration may be sufficient to infer the *absence* of fame. The opposite inference, however—that trademark registration proves fame—does not hold. "One cannot logically infer fame from the fact that a mark is one of the millions on the Federal Register."  J. McCarthy, *supra*, at §24:106; *see Coach Servs., Inc. v. Triumph Learning, LLC*, 668 F.3d 1356, 1374 (Fed. Cir. 2012) ( "[P]roof of registration is not conclusive evidence of fame").  Global's registrations are not enough to show that XOXO is famous within the meaning of Section 1125(c).

Nor does the allegation that Global has made continuous use of the XOXO mark "for over a quarter century" (Opp. at 7) provide a sufficient basis from which to plausibly infer the mark's fame.  In *Boarding School Review*, the court dismissed a counterclaim for dilution even though the defendants had "one subsidiary that ha[d] operated for more than 100 years," as that allegation did not "make it plausible that Defendants' Marks are truly famous to the general consuming public of the United States." 2013 WL 6670584, at *7; *see also Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*, 703 F. Supp. 2d 671, 689 (W.D. Ky. 2010) (red dripping wax seal insufficiently "famous" to support a dilution claim despite over 50 years of use).[5]

**III.**    **THE CASES GLOBAL CITES DO NOT SHOW THAT THE "FAME" REQUIREMENT HAS BEEN ADEQUATELY PLED HERE**

Global argues that "courts in this District have found fame to be sufficiently pleaded where supported by far less 'factual enhancement' than that which appears in Global's Complaint."  Opp.  at 8.  None of the cases relied upon by Global saves its dilution claim.

---

[5] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Put differently, Global's pleaded facts are all necessary but not sufficient conditions to showing the XOXO mark is "famous" under Section 1125(c).  They do not survive *Iqbal*'s plausibility requirement for that reason as well.

Global relies on three decisions that are readily distinguishable because they predate passage of the Trademark Dilution Revision Act in 2006, which eliminated niche fame and reserved the dilution cause of action "only [for] truly prominent and renowned marks." 4 J. McCarthy, *supra*, at § 24:104.  Those cases are *Mister Softee v. Marerro*, No. 04 Civ. 4011, 2004 WL 2368009 (S.D.N.Y. Oct. 21, 2004), *Lewittes v. Cohen*, No. 03 Civ. 189, 2004 WL 1171261 (S.D.N.Y. May 26, 2004), and *GMA Accessories, Inc. v. Idea Nuova, Inc*. 157 F. Supp. 2d 234 (S.D.N.Y. 2000).

Global also cites two plainly inapposite cases concerning the intellectual property rights of famous movie stars.  *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe,* involved the "actress, singer, and model," Marilyn Monroe. 131 F. Supp. 3d 196, 200 (S.D.N.Y. 2015).  After describing Marilyn Monroe and commenting that she "remains an enduring American cultural icon more than 50 years after her death[,]"  the opinion continues: "it is a measure of her continuing fame that the Court could have dispensed with this description." *Id.* at 201.  Given the tremendous renown of this iconic move star, it is little wonder the fame requirement was not a pleading obstacle.  The decision in *Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, No. 12 Civ. 5105, 2014 WL 3950897 (S.D.N.Y Aug. 13, 2014), which involved the unauthorized use of Bette Davis' name, is distinguishable on the same basis; *i.e.* the "star power" behind the mark in question.  It will suffice to observe that XOXO is no Bette Davis, much less Marilyn Monroe. This Court is permitted to consider that "common sense" truth in deciding this motion.  *Iqbal*, 556 U.S. at 679.

*Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, is equally unavailing.  No. 08-CV-442, 2014 WL 4723299 (S.D.N.Y. Sept. 23, 2014).  Although the facts are not sketched out in great detail, it appears that the case involved a dispute between two companies that "provide[d] laser hair-removal services in the New York City area."  *Id.* at *1.  Both companies advertised on the internet.  *Id.*  After citing Section 1125(c), the *Romeo & Juliette* court stated that the plaintiff's claim that "its marks were used widely in advertisements on the internet and that its services were readily searchable through internet search engines" was, by itself, sufficient

to show the fame of its ROMEO AND JULIETTE LASER mark.  *Id.* at *4.  That conclusion runs counter to the Second Circuit's direction in *TCPIP Holding Co.,* that "Congress envisioned that marks would qualify as 'famous' only if they carried a substantial degree of fame."  244 F.3d at 99.  It was also reached without analysis, and "[j]udicial decisions do not stand as binding 'precedent' for points that were not raised, not argued, and hence not analyzed."  *Legal Servs. Corp. v. Velazquez*, 531 U.S. 533, 557 (2001) (Scalia, J., dissenting) (collecting cases).[6]

Nor does *George Nelson Foundation v. Modernica, Inc.*, 12 F. Supp. 3d 635 (S.D.N.Y. 2014), support Global's position.  The plaintiff there sold lamps and other furniture under the "George Nelson" and "Nelson" marks continuously, beginning in 1947.  *Id.*  The defendant undermined its own argument that the marks lacked fame by admitting on its own website (a copy of which was incorporated into the plaintiff's complaint) that "the George Nelson Bubble Lamp . . . is a tried and true standard of the modern vocabulary."  *Id.*, at 649.  The defendant admitted further that "the *person* George Nelson is famous," while trying to distinguish his marks as *not* famous.  *Id.* (emphasis added).  Unpersuaded by this hair-splitting, the court in denying defendant's motion observed that "George Nelson is famous for creating furniture, just as Henry Ford is famous for creating cars.  His notoriety is due to the famousness of his designs."  *Id.*  No parallel exists in this case.

## IV.    CONCLUSION

For all of the foregoing reasons, Church & Dwight requests that the Court dismiss Global's federal trademark dilution claim with prejudice.

///

///

---

[6] Global also relies on two cases involving plaintiffs who pled only niche fame.  *See Grand v. Schwarz*, 15-CV-8779, 2016 WL 2733133, at *1, *5 (S.D.N.Y May 10, 2016) (fame among "therapists and clients"); *Mister Softee*, 2004 WL 2368009, at *3 (fame "throughout the [New Jersey] region").  *Mr. Softee* predates predate passage of the TDRA in 2006, which eliminated claims for niche fame, and is therefore no longer good law on that point.  *See* text, *supra*, at n. 2.  *Grand* did not grapple with, or even cite, the controlling (post-TDRA) rule that a dilution claim cannot be based upon "niche fame, *i.e.* fame limited to a particular channel of trade, segment of industry or service, or geographic region."  *Luv N' Care*, 841 F. Supp. 2d at 757-58 (internal citations omitted).

Dated: October 25, 2017                         PROSKAUER ROSE LLP

                                                By: */s/ Brendan J. O'Rourke*
                                                Brendan J. O'Rourke
                                                Lee M. Popkin
                                                Tiffany M. Woo
                                                Eleven Times Square
                                                New York, NY  10036-8299
                                                Tel.: (212) 969-3000
                                                borourke@proskauer.com
                                                lpopkin@proskauer.com
                                                twoo@proskauer.com

                                                *Attorneys for Defendant*