UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
    GLOBAL BRAND HOLDINGS, LLC,

                              Plaintiff,

                -v-                                17-cv-6571 (KBF)

    CHURCH & DWIGHT CO., INC.,                     ORDER

                             Defendant.
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 6, 2018

KATHERINE B. FORREST, District Judge:

      Currently before the Court is a dispute between the parties regarding § 7.3(b) of the proposed protective order, which deals with the access of in-house counsel to "Highly Confidential" information.[1]  (ECF Nos. 48, 50, 51, 52, 53.)  Having carefully considered the parties' respective positions on this issue, the Court concludes that <u>neither</u> party's in-house counsel, to the extent such counsel exists, should have access to "Highly Confidential" information.  The Court's decision is based on: (1) consent by the defendant; (2) its understanding that designation of information as "Highly Confidential" is expected to be <u>very</u> tightly limited; (3) its appreciation of the reasonable competitive concerns raised by defendant; and (4) an understanding that the protective order is not the "final word" on access to documents.

---

[1] The parties previously disputed the proper wording of § 5.1 as well.  On January 28, 2018, the Court informed the parties that the language in Exibit B to ECF No. 48 adequately captured the concept requested in Exhibit A, and therefore that the additional language in Exhibit A was unnecessary.  (ECF No. 49.)

Accordingly, the Court has struck § 7.3(b) from the attached protective order, which it has signed and approved.

During the course of discovery, it may be the case that one or both parties encounter isolated documents or pieces of information that they believe truly must be shown to some "in-house" person. In that event, the parties are directed to meet and confer as to an agreeable solution independent of the protective order. If the parties are unable to reach an agreement, they are directed to immediately apply to the Court for an individualized determination.

The Clerk of Court is directed to terminate all open motions in this action.

SO ORDERED.

Dated:   New York, New York
         February 6, 2018

_____
KATHERINE B. FORREST
United States District Judge

~~DRAFT~~

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
GLOBAL BRAND HOLDINGS, LLC,  :   Civil Action No. 1:17-cv-06571-KBF

Plaintiff,

- against -

CHURCH & DWIGHT CO., INC.,

Defendant.
-------------------------------------------------------------- x

## ~~STIPULATED~~ PROTECTIVE ORDER

**IT IS HEREBY STIPULATED AND AGREED** by and among plaintiff Global Brand Holdings, LLC, and defendant Church & Dwight Co., Inc., as follows:

### 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve the production and disclosure of certain documents and information pertaining to the parties' trade secrets, financial information, competitive information, personnel information, product development, or other kinds of commercially sensitive or proprietary information, which requires special protection from public disclosure and from use for any purpose other than prosecuting this litigation. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

## 2. DEFINITIONS

2.1. Party: any party to this action, including all of its officers, directors, employees, house counsel, corporate parents, subsidiaries, affiliates, consultants, retained experts, and outside counsel (and their support staff).

2.2. Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4. "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential" Information or Items, including, without limitation, sensitive marketing, pricing, customer, supplier and other sensitive business information, whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6. Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8. Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10. House Counsel: attorneys who are employees of a Party.

2.11. Expert: an impartial person with specialized knowledge or experience in a matter pertinent to the litigation who has been or may be retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Following the conclusion or termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates items or information for protection under this Stipulated Protective Order shall limit any such designation to specific material that qualifies under the appropriate standards.

3

If a Party or a non-party subsequently concludes that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the incorrect designation.

    5.2.    Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

    (a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains Protected Material, unless otherwise agreed upon by the Parties.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Stipulated Protective Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material.

    (b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify by means of a statement on the record before the close of the deposition, hearing, or other proceeding, or by written notice within fourteen (14) days from the date of receipt of the transcript of the testimony, any

4

testimony containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material. Only those portions of the testimony that are appropriately designated for protection within fourteen (14) days from the date of receipt of the transcript of the testimony shall be covered by the provisions of this Stipulated Protective Order. During this ten (10) day period, all testimony shall be treated as "Highly Confidential – Attorneys' Eyes Only."

(c) <u>for information produced in some form other than documentary, and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3. Inadvertent Production or Failure to Designate.

(a) An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. In the event that any document or thing qualifying for designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is inadvertently produced without the proper designation, the Producing Party shall identify such document or thing promptly after its inadvertent production is discovered and provide a copy of such document or thing with the proper designation to counsel for the Receiving Party, upon receipt of which the Receiving Party shall promptly return or destroy all copies of the document or thing in its previously undesignated or improperly designated form. Upon written request by the Designating Party, the Receiving Party will provide written verification of compliance with this provision.

(b) In the event that any document or thing containing or constituting privileged attorney-client communications or attorney work product is inadvertently produced, the Producing Party shall notify the Receiving Party promptly after it is discovered that the privileged or otherwise protected material was inadvertently produced for inspection or provided, and upon receipt of such notification the Receiving Party shall promptly return to counsel for the Producing Party any and all copies of such document or thing and thereafter refrain from any use

whatsoever, in this case or otherwise, of such document or thing. The inadvertent production of any document or thing for which a claim of attorney-client privilege or work-product doctrine is subsequently asserted by the Producing Party shall not constitute a subject matter waiver of a valid claim of privilege or work-product doctrine as to any other document or thing in the possession of the Producing Party, or as to any communication or information within the knowledge of the Producing Party.

(c) In the event that a Receiving Party receives a document or thing containing privileged attorney-client communications or attorney work product that the Receiving Party believes has been inadvertently produced, the Receiving Party shall notify the Producing Party promptly after it is discovered that the privileged material may have been inadvertently produced for inspection or provided. If the Producing Party has notified the Receiving Party of inadvertent production hereunder, or has confirmed the inadvertent production called to its attention by the Receiving Party, the Receiving Party shall promptly return to counsel for the Producing Party any and all copies of such document or thing and thereafter refrain from any use whatsoever, in this case or otherwise of such document or thing. The inadvertent production of any document or thing for which a claim of attorney-client privilege or work-product doctrine is subsequently asserted by the Producing Party shall not constitute a subject matter waiver of a valid claim of privilege or work-product doctrine as to any other document or thing in the possession of the Producing Party, or as to any communication or information within the knowledge of the Producing Party.

5.4. <u>Knowing and Voluntary Disclosure of Privileged Material or Work Product</u>. The knowing and voluntary disclosure of a document, thing, or communication, or of information that would otherwise be protected by the attorney-client privilege or the work-product doctrine shall constitute a waiver of attorney-client privilege or work-product doctrine only as to the specific topic contained in the document, thing, communication, or information disclosed. In no event will the waiver described in this paragraph include: (a) any document, thing, communication, or information communicated to or from or prepared by or on behalf of any

Outside Counsel (or their agents) representing either party in this litigation; or (b) any document, thing, communication, or information communicated to or from or prepared by or on behalf of any other Outside Counsel or House Counsel of either party for purposes of this litigation.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. Timing of Challenges. Any challenge to a Designating Party's confidentiality designation shall be made as promptly as the circumstances permit.

6.2. Meet and Confer. A Party wishing to challenge a Designating Party's confidentiality designation shall begin the process by conferring directly with counsel for the Designating Party. The challenging Party must explain why it believes the confidentiality designation is improper. The Designating Party shall have five (5) business days in which to review the designated material and either re-designate the material or explain the basis for the chosen designation. A challenging Party may not proceed to the next stage of the challenge process unless it has met and conferred, or attempted to meet and confer, with the Designating Party.

6.3. Judicial Intervention. If the Parties are unable to informally resolve a challenge to a particular designation, the challenging Party may, after complying with the applicable Local Rules, file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification, if any, for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting,

7

defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2. <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a) the Receiving Party's Outside Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

(b) House Counsel of a Receiving Party, as well as those acting under the direction of House Counsel (*e.g.*, paralegals) to whom disclosure is reasonably necessary for the prosecution or defense of this litigation;

(c) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for the prosecution or defense of this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided, however that the Disclosing Party shall not have access to such forms or list of personnel executing such forms, which shall be disclosed to the Court in camera should good cause for such be shown;

(d) Experts of the Receiving Party to whom disclosure is reasonably necessary for the prosecution or defense of this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided, however that the Disclosing Party shall not have access to such forms or list of persons executing such forms, which shall be disclosed to the Court in camera should good cause for such be shown;

(e) the Court and its personnel;

(f) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for the prosecution or defense of this litigation;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) the author of the document or the original source of the information, and the persons who originally received the document in the ordinary course of business.

7.3. Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

(a) the Receiving Party's Outside Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

(b) ~~House Counsel of a Receiving Party, as well as those acting under the direction of House Counsel (e.g., paralegals) to whom disclosure is reasonably necessary for the prosecution or defense of this litigation;~~ [KBF]

(c) Experts (i) to whom disclosure is reasonably necessary for the prosecution or defense of this litigation, and (ii) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided, however that the Disclosing Party shall not have access to such forms or list of persons executing such forms, which shall be disclosed to the Court in camera should good cause for such be shown;

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for the prosecution or defense of this litigation; and

9

(f) the author of the document or the original source of the information, and the persons who originally received the document in the ordinary course of business, provided that an adequate record of their familiarity with the information is first made without disclosing any designated information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served by a non-party with a subpoena, document request, or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party's attorney of record in this action, in writing (by email, if possible) promptly and in no event more than five (5) court days after determining that the material is responsive to the request. Such notification must include a copy of the subpoena, document request, or court order.

The Receiving Party also must promptly inform in writing the non-party who caused the subpoena, document request, or order to issue in the other litigation that some or all the material covered by the subpoena, document request, or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the non-party in the other action that caused the subpoena, document request, or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL

Information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that is included in any legal paper (*i.e.*, a paper intended to be filed with the Court) served in this action, whether appended as an exhibit or incorporated into a pleading, affidavit, declaration, memorandum of law or other legal document, shall be subject to the terms of this Stipulated Protective Order, and such information may be disclosed only to those persons identified in Section 7.2 above (with respect to information designated as "Confidential") or Section 7.3 above (with respect to information designated as "Highly Confidential – Attorneys' Eyes Only"). Any legal paper, document or thing filed with the clerk of the Court that contains any information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be stamped or marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall be filed under seal either electronically in compliance with the Court's ECF filing procedures or in hard copy with a copy of the Court's sealing order and a cover sheet bearing the caption of this action and containing the following notice:

**CONFIDENTIAL -- SEALED BY ORDER OF THE COURT.
FILED PURSUANT TO COURT ORDER TO BE OPENED
ONLY AS DIRECTED BY THE COURT**

Notwithstanding the foregoing, a second copy of any legal paper specifically intended for review by the Court may be hand-delivered to the Court's chambers for in camera review

provided that the cover page of the legal paper be marked with the caption of the case and the notation:

**CONTAINS CONFIDENTIAL INFORMATION**

Notwithstanding the foregoing, where a party wishes to include in a legal paper a writing containing information that has been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," but the confidential information contained in such writing is not relevant to the purpose for which the writing is being offered to the Court, the party including such writing in a legal paper may, in lieu of the procedures set forth above, submit a redacted copy of the writing. In such event, the redaction must be indicated by placing the designation "REDACTED - CONFIDENTIAL INFORMATION" in the place(s) on the writing in close proximity to where the confidential information would have appeared.

Except for material filed with the clerk of the Court or delivered to the Court as provided above, all materials containing information that has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be stored under the direct control of counsel for the receiving party, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Stipulated Protective Order.

Nothing contained in this Stipulated Protective Order shall preclude any Party from using its own Confidential Information in any manner it sees fit, without prior consent of any other party or the Court. Nothing herein shall operate as any admission by any of the Parties hereto that any particular materials contains or reflects trade secrets, or other confidential or proprietary information.

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must destroy all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected

Material. Upon destruction, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

**12. DISCLOSURE OF PROTECTED MATERIAL BY NON-PARTIES**

Non-parties who provide information in response to a subpoena or discovery request may invoke the protection of this Order by (a) designating that information "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with this Stipulated Protective Order; and (b) signing a copy of this Stipulated Protective Order. Any non-party who invokes the protection of this Stipulated Protective Order shall also be bound by its obligations.

**13. MISCELLANEOUS**

13.1. <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

| ARNOLD & PORTER KAYE SCHOLER LLP | PROSKAUER ROSE LLP |
|---|---|
| By: _____<br>Louis S. Ederer<br>Louis.Ederer@apks.com<br>Matthew T. Salzmann<br>Matthew.Salzmann@apks.com<br>Maxwell C. Preston<br>Maxwell.Preston@apks.com<br>250 West 55th Street<br>New York, New York 10019<br>Phone (212) 836-8000<br>Fax (212) 715-1399<br><br>*Attorneys for Plaintiff*<br>*Global Brand Holdings, LLC* | By: _____<br>Brendan J. O'Rourke<br>borourke@proskauer.com<br>Lee M. Popkin<br>lpopkin@proskauer.com<br>Tiffany M. Woo<br>twoo@proskauer.com<br>Eleven Times Square<br>New York, New York 10036<br>Phone (212) 969-3000<br>Fax (212) 969-2900<br><br>*Attorneys for Defendant*<br>*Church & Dwight Co., Inc.* |

Dated: New York, New York
~~January~~ , 2018
Feb. 6,

SO ORDERED:

*/s/ KB. Fo*

HON. KATHERINE B. FORREST
United States District Judge

(with revisions to ¶ 7.3(b).)

14

**DRAFT**

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
GLOBAL BRAND HOLDINGS, LLC,          :          Civil Action No. 1:17-cv-06571-KBF
                                     :
          Plaintiff,                 :
                                     :
     - against -                     :
                                     :
CHURCH & DWIGHT CO., INC.,           :
                                     :
          Defendant.                 :
------------------------------------------------------------- x

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [*print or type full name*], of _____ [*print or type full address*], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on _____ in the above captioned case. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction and venue of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action, and understand that the Court may impose sanctions for any violation of the attached Stipulated Protective Order.

Date: _____

 Printed name: _____

 Signature: _____