Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

February 28, 2018

Brendan J. O'Rourke
Member of the Firm
d +1.212.969.3120
f 212.969.2900
borourke@proskauer.com
www.proskauer.com

**VIA ECF**
Hon. Katherine B. Forrest
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re: *Global Brand Holdings, LLC v. Church & Dwight Co., Inc.*, 17-cv-6571 (KBF)
<u>Motion to Compel Non-Party Kellwood Apparel to Produce Documents</u>

Dear Judge Forrest:

We represent defendant Church & Dwight Co., Inc. ("Church & Dwight") in the above-referenced action. We write pursuant to Rule 2.F of Your Honor's Individual Rules of Practice in Civil Cases to request an order **compelling non-party Kellwood Apparel ("Kellwood") to produce all non-privileged documents responsive to Church & Dwight's subpoena**, which is attached as Exhibit A. We met and conferred with Kellwood's counsel (which is the same counsel that is representing plaintiff Global Brand Holdings, LLC ("Global")), on two separate occasions by telephone, but have not been able to resolve this dispute. As explained below, Kellwood is refusing to produce *any* documents in response to the subpoena based on a frivolous objection to the subpoena's specified place for compliance.

Kellwood is Global's primary apparel licensee and the only Global licensee whom Church & Dwight has subpoenaed for documents. Church & Dwight served Kellwood with a document subpoena on February 8, 2018. On February 20, 2018, Kellwood served a set of general objections, which are attached as Exhibit B. Kellwood did not make any specific objections to Church & Dwight's requests, and refused to produce any documents in response to the subpoena.

During our subsequent meet and confer calls, Kellwood's counsel explained that it was refusing to produce documents based on a "threshold" objection that the subpoena specified Proskauer's New York office as the place for compliance, whereas Kellwood's head office is in Los Angeles, where the subpoena was served. In an effort to resolve this dispute without involving the Court, we clarified to Kellwood's counsel that Church & Dwight is requesting that Kellwood produce documents *electronically*, not in-person in New York. However, Kellwood still refused to produce any documents unless Church & Dwight would agree that the place of compliance for the subpoena be Los Angeles. As a practical matter, since the production will be made electronically, the only significance of the place of compliance is that it determines which court has jurisdiction over the enforcement of the subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B)(i). Evidently, Kellwood does not want it to be this Court.

However, Church & Dwight properly designated its counsel's New York office as the place for compliance. "A subpoena may command . . . production of documents . . . within 100 miles of

**Proskauer»**

February 28, 2018
Page 2

where the person . . . regularly transacts business in person." Fed. R. Civ. P. 45 (c)(2)(A). A company "regularly transacts business" in locations where it has a physical office. *See, e.g., Westmore Equities, LLC v. Vill. of Coulterville*, 2016 U.S. Dist. LEXIS 21032, at *6 (S.D. Ill. Feb. 22, 2016) (holding that subpoena was valid where subpoenaed bank had branches, and thus "regularly transact[ed] business," within 100 miles of the place of compliance).

Here, Kellwood plainly "regularly transacts business" within 100 miles—indeed within mere blocks—of Proskauer's New York office. Kellwood's website identifies a New York place of business called "Kellwood East" that is located at 1407 Broadway, New York, NY 10018 and states that Kellwood has "[m]ultiple showrooms in New York City's Garment Center." *See* http://kellwood.com/contact *and* http://kellwood.com/locations (last visited Feb. 27, 2018). By operating showrooms (and potentially doing other business at "Kellwood East"), Kellwood is "regularly transact[ing] business" in New York. Furthermore, according to an archive of Kellwood's website (attached as Exhibit C) and documents produced by Global in this case, for much of the time period for which Church & Dwight is seeking documents, New York was Kellwood's "home office . . . where [its] Executive Team [was] based." Exhibit C at 1. As such, the subpoena's specified place for compliance at Proskauer's Times Square office is entirely proper.[1]

Moreover, "[t]he 100-mile geographical limitation applies only to travel by a subpoenaed person, not to a situation where the subpoenaed records could be mailed or shipped." *Sec'y of Labor v. Kazu Constr., LLC*, 2017 U.S. Dist. LEXIS 21600, at *31 (D. Haw. Feb. 15, 2017) (quoting *Sol v. Whiting*, 2014 U.S. Dist. LEXIS 189658, at *54-55 (D. Ariz. Jul. 22, 2014)). Thus, where a subpoena seeks that documents be produced electronically, as here, a subpoenaed entity cannot rely on the "100 mile rule" to refuse to produce documents. *See CresCom Bank v. Terry*, 269 F. Supp. 3d 708, 712-13 (D.S.C. 2017) (ordering non-party to produce documents electronically even though she resided more than 100 miles from the specified place of compliance) (citing cases); *see also* Advisory Committee's Note to the 2013 Amendments to Rule 45 ("[P]arties often agree that production, particularly of electronically stored information, be transmitted by electronic means").

Finally, Kellwood's objections to the subpoena are also improper because, as noted, Kellwood failed to lodge any specific objections to Church & Dwight's requests. *See Fischer v. Forrest*, 2017 U.S. Dist. LEXIS 28102, at *7 (S.D.N.Y. Feb. 28, 2017) ("General objections should rarely be used after December 1, 2015 . . . ."); *id.* at *8 ("stating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing."); *Melendez v. Greiner*, 2003 U.S. Dist. LEXIS

---

[1] Although Church & Dwight served the subpoena in Los Angeles, the "place of service is not critical to place of compliance." *See* Advisory Committee's Note to the 2013 Amendments to Rule 45; *see also Brady v. Lee*, 2014 U.S. Dist. LEXIS 190758, at *5 n.4 (S.D. Fla. Oct. 29, 2014).

**Proskauer»**

February 28, 2018
Page 3

19084, at *4 (S.D.N.Y. Oct. 22, 2003) ("General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information.").[2]

Although Kellwood claims to have "reserve[d] the right to lodge specific objections" to Church & Dwight's requests (Exhibit B at 5), Rule 45 "require[s] the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game.'" *DG Creditor Corp. v. Dabah (In re DG Acquisition Corp.)*, 151 F.3d 75, 81 (2d Cir. 1998). Thus, when a subpoena recipient fails to lodge specific objections at the outset, as here, those objections should be deemed waived. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557-58 (7th Cir. 2012) (affirming finding that subpoena recipient waived substantive objections where it purported to "reserve" them upon making procedural objections); *Hanwha Azdel, Inc. v. C&D Zodiac, Inc.*, 2013 U.S. Dist. LEXIS 101126, at *3-6 (W.D. Va. June 6, 2013) (non-party's "cursory reservation of the right to assert substantive objections to the subpoena [was] not sufficient to preserve those arguments" where it merely lodged general objections).

Kellwood is clearly playing discovery games at Church & Dwight's expense. As Kellwood's counsel is well aware given its simultaneous representation of Global in this case, there is a very limited amount of time for fact discovery in this case. Kellwood is trying to run out that clock by serving piecemeal and improper objections to Church & Dwight's subpoena and by trying to force Church & Dwight to go enforce its subpoena in California even though it is subject to enforcement here. By contrast, Global has subpoenaed four of Church & Dwight's vendors. We have been contacted by counsel for three of those vendors and understand that they are pulling documents and will comply with the subpoenas served by Global. Indeed, we anticipate that Church & Dwight's vendors will soon respond by producing documents responsive to Global's requests. The Court should order Kellwood to do the same.

Respectfully submitted,

*/s/ Brendan J. O'Rourke*
Brendan J. O'Rourke

cc: All counsel of record (via ECF)

Encl.

---

[2] Non-parties are held to the same standard when responding to a subpoena for documents. *See, e.g.*, *Am. Fed'n of Musicians of the United States & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015) ("[A] non-party's Rule 45(d)(2)(B) objections to discovery requests in a subpoena are subject to the same prohibition on general or boiler-plate objections and requirements that the objections must be made with specificity and that the responding party must explain and support its objections.").