# Exhibit A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| GLOBAL BRAND HOLDINGS, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:17-cv-06571-KBF |
| CHURCH & DWIGHT CO., INC. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Kellwood Apparel, 13071 East Temple Ave., City of Industry, CA 91746

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Proskauer Rose LLP<br>Eleven Times Square<br>New York, NY 10036-8299 | Date and Time:<br>02/21/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/07/2018

*CLERK OF COURT*

OR

_____   _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Church & Dwight Co., Inc._____, who issues or requests this subpoena, are:

Brendan J. O'Rourke, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036-8299

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-06571-KBF

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____     _____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information, or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information.
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms
  **(C)** *Electronically Stored Information Produced in Only One Form* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R Civ P 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

Church & Dwight hereby incorporates by reference the definitions and instructions set forth in the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York. The following additional and/or more specific definitions and instructions are also to be used in responding to this Subpoena:

1. As used herein, the terms "you" and "your" mean Kellwood Company, Kellwood Apparel, and all agents, representatives, and other persons acting (or who have acted) or purporting to act (or who have purported to act) on your behalf.

2. "Global" refers to Global Brand Holdings, LLC, its present or former agents, employees, representatives, attorneys, affiliates, officers, directors, and all persons or entities known to be acting or purporting to act on its behalf, in concert with it, or under its control.

3. "Global's XOXO Marks" refers to the following trademark registrations

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|---|---|---|---|
| XOXO | 2,009,243 | 10/22/1996 | IC 025: Clothing, namely, men's, women's and children's shirts, shorts, pants, jackets, T-shirts, sweatshirts, hats, socks, sweaters and swimwear |
| XOXO | 2,102,098 | 09/30/1997 | IC 018: Luggage, handbags, purses all made from leather, imitations of leather and other material |
| XOXO | 2,269,840 | 08/10/1999 | IC 009: Eyeglasses and sunglasses |
| XOXO Jeans | 2,320,710 | 02/22/2000 | IC 025: Women's, and children's clothing, namely jeans, dresses, skirts, shorts, jackets, shirts, pants, blouses, vests, blazers, jeans, overalls, sweatshirts, sweatpants, tank-tops, tee-shirts, hats |
| XOXO | 2,370,004 | 07/25/2000 | IC 035: Retail clothing store services |
| XOXO | 2,436,377 | 03/20/2001 | IC 025: Women's and children's shoes |
| XOXO | 2,456,625 | 06/05/2001 | IC 014: Jewelry, watches and other horological and chronometric instruments, namely clocks |

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|---|---|---|---|
| FRAGILE BY XOXO | 2,556,155 | 04/02/2002 | IC 009: Eyeglasses and sunglasses |
| XOXO | 2,960,690 | 06/07/2005 | IC 003: Perfume, toiletries and cosmetics, namely, lipstick, eyeliner, mascara and nail polish |
| XOXO | 3,234,559 | 04/24/2007 | IC 020: Bedding furniture and pillows |
| XOXO | 3,455,799 | 06/24/2008 | IC 025: Clothing for humans in the nature of baby doll pajamas, bras, boxer shorts, camisoles, chemises, dresses, headbands, lingerie, loungewear, pajamas, panties, shorts and briefs being underwear, robes, skirts, sleepwear and tank tops; headbands<br><br>IC 026: Hair accessories, namely, barrettes, bobby pins, hair bands, hair slides, hair sticks, hair ornaments in the form of combs, hair pins, hair ornaments, hair wraps, ponytail holders, salon hair clips, and snap clips |
| XOXO | 3,555,477 | 12/30/2008 | IC 024: Textile goods, namely, comforters, duvets, quilts, oven mitts, bed linen, bath linen, pillow cases, bed covers, bedspreads, table cloths, textile napkins, sheets, namely, bed sheets, shams, dust ruffles, throws, coverlets, bed blankets; window draperies and accessories, namely, curtains, drapes, towels, wash cloths and shower curtains |
| XOXO (stylized) | 4,451,971 | 12/17/2013 | IC 003: Fragrances, perfumes, eau de toilette, body lotion, body cream, body wash and shower gel |
| XOXO LUV | 4,569,426 | 07/15/2014 | IC 003: Body cream; Body lotion; Body wash; Eau de toilette; Fragrances; Perfumes; Shower gel |

as well as any other marks containing or comprising the term "XOXO," or any variations thereof, known to be owned or licensed by Global.

4. "Church & Dwight" refers to Church & Dwight Co., Inc., its present or former agents, employees, representatives, attorneys, affiliates, officers, directors, and all persons or entities known to be acting or purporting to act on its behalf, in concert with it, or under its control.

5. "Document" shall have the broadest meaning permitted by the Federal Rules of Civil Procedure, and includes, without limitation, all written, graphic, or otherwise recorded matter, no matter how produced and reproduced (including information maintained in electronic or computerized format), of any nature whatever and all non-identical copies thereof, and all tangible things from which information can be transcribed, including originals, non-identical copies, and drafts.

6. The singular includes the plural and vice versa; reference to any gender includes the other gender; and reference to the past tense includes the present, and vice versa.

7. The word "including," means "including without limitation."

8. The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Subpoena any document which might otherwise be construed to be outside of its scope.

9. All words, terms, and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used in this Subpoena.

## INSTRUCTIONS

1. Produce each document in the form and condition in which it exists on the date of service of this request, with all comments, notes, remarks, or other material that may have been added to the document after its initial preparation.

2. All responsive documents should be produced as they are kept in the ordinary course of business or are to be organized and labeled to correspond to the numbered paragraphs and sub-categories in this Subpoena. The integrity and internal sequence of the requested documents within each folder are not to be disturbed. Under no circumstances are documents from any file folder to be commingled with documents from any other file folder.

3. If any documents responsive to this Subpoena are withheld from production on the ground of privilege (including work product), specify the privilege invoked and fully identify each document withheld in a privilege log containing the information required by Local Civil Rule 26.2.

4. This Subpoena will be deemed continuing and require immediate further supplemental production if you receive, discover, or generate additional documents after first responding to this Subpoena. If any such additional documents or any portion of such documents are withheld from production upon a claim of privilege or for any other reason, you must promptly serve a written identification of each such document or portion of such document, setting forth the information described in the immediately preceding instruction and/or stating with specificity all grounds for such objection.

5. This Subpoena requires the production of all documents wherever located that are subject to production under the Federal Rules of Civil Procedure and/or the Local Civil Rules of the United States District Court for the Southern District of New York, including all documents in your possession, custody, or control, and all documents that are otherwise obtainable by you.

6. If any documents responsive to this Subpoena have been lost, destroyed, transferred voluntarily or involuntarily to others not subject to your control, or otherwise disposed of, or if any documents responsive to this Subpoena exist but are not available, you shall furnish a list identifying each such document, and set forth the following information with respect to each document: its date, author(s), sender(s), addressee(s) and recipient(s), and the subject matter of the document. In each instance, you shall explain the circumstances surrounding each disposition or why such document is unavailable, including, in the event of such a disposition, the authorization therefore and the date thereof.

## TIME PERIOD

1.      Unless otherwise stated, this Subpoena seeks documents generated, prepared, received, or dated during the period January 1, 2000 to the present (the "Relevant Period").

## DOCUMENTS/MATERIALS REQUESTED

1.      Any and all licenses or other agreements involving Global or Global's XOXO Marks dated, created, or modified during the Relevant Period. If there are any such licenses or agreements of which you are aware but of which you do not have a copy, please describe with as much specificity as possible the time period, parties to, and nature of such license or agreement.

2.      Documents sufficient to identify (i) each and every good or service you offered for sale, sold, advertised, or provided within the United States or through the Internet in connection with each of the licenses or agreements produced or described in response to Request No. 1, above, during the Relevant Period; (ii) in connection with which license or agreement you offered for sale, sold, advertised, or provided each good or service; (iii) the time period for which you offered for sale, sold, advertised, or provided each good or service; (iv) the quantity per year in which you offered for sale, sold, advertised, or provided each good or service; (v) where each such good or service was offered for sale, sold, advertised, or provided to the consuming public; (vi) the amount of money you received from Global each year in connection with offering for sale, selling, advertising, or providing each good or service; (vi) the amount of money you paid to Global each year in connection with offering for sale, selling, advertising, or providing each good or service; and (vii) photographs or other images sufficient to identify each good or service.

3.      Documents sufficient to identify all persons with knowledge of the money paid to or received from Global each year for each good or service you offered for sale, sold, advertised, or provided in connection with each of the licenses or agreements produced or described in response to Request No. 1, above.

5

4.      All documents referring or relating to quality control in connection with any good or service you offered for sale, sold, advertised, or provided in connection with any of the licenses or agreements produced or described in response to Request No. 1, above.

5.      All documents referring or relating to the target or actual markets, or target or actual customers, for your goods or services offered for sale, sold, advertised, or provided in connection with Global's XOXO Marks in the United States or over the Internet, including the demographics of such markets and consumers.

6.      All documents referring or relating to the direct customers for your goods or services offered for sale, sold, advertised, or provided in connection with Global's XOXO Marks in the United States or over the Internet.

7.      Documents sufficient to show each and every past, present, and intended future advertisement, display, and item of promotional material used in connection with the sale or marketing of your goods or services bearing Global's XOXO Marks during the Relevant Period in the United States or over the Internet, including in print and broadcast media, the internet, social media, and, as applicable, the title of the media and date in which the marketing or advertisement appeared.

8.      Documents sufficient to identify the amount of money you spent in connection with the promotion or marketing of Global's XOXO Marks or products described in Request No. 7.

9.      All documents, commentary, market research or studies referring to, relating to or reflecting any assessment or analysis by you or your affiliates or agents of the meaning, understanding, commonality, or usage of the term "XOXO."

10.     All documents mentioning or referring to Church & Dwight.

11. Any and all documents referring or relating to Church & Dwight's use of the term "XOXO" or variations thereof in advertisements or in commerce.

12. All documents concerning any perceived association on the part of consumers between Global or you, on one hand, and Church & Dwight on the other (or between Global's or your products and Church & Dwight's products), including documents reflecting confusion or requesting clarification as to whether you or Global is the source of any Church & Dwight product, or vice versa.

13. Documents sufficient to show the quantity, types, and categories of consumer feedback you received with regard to goods or services you advertised, offered for sale, sold, or provided in connection with Global's XOXO Marks, including representative samples.

14. All documents concerning the use of any particular font in connection with Global's XOXO Marks.

15. All documents concerning any past, present, or planned future third-party use of the "XOXO" term discussed in relation to any goods or services you advertised, offered for sale, sold, or provided in connection with Global's XOXO Marks.

16. All documents referring or relating to the phrase "Smart Sexy."

17. Documents referring or relating to the 2016 transaction in which a Hong Kong investor group acquired your business that are sufficient to show the effect(s) on any and all of your licenses or other agreements involving Global or Global's XOXO Marks of the 2016 transaction.