# **Exhibit B**

Louis S. Ederer
Matthew T. Salzmann
Maxwell C. Preston
Harry K. Fidler
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Phone: (212) 836-8000
Fax: (212) 836-8689

*Attorneys for Non-Party
Kellwood Apparel, LLC*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

GLOBAL BRAND HOLDINGS, LLC,

    Plaintiff,

- against -

CHURCH & DWIGHT CO., INC.,

    Defendant.

------------------------------------------------------------- x

Civil Action No. 1:17-cv-06571-KBF

**NON-PARTY KELLWOOD APPAREL, LLC'S OBJECTIONS TO DEFENDANT CHURCH & DWIGHT CO., INC.'S SUBPOENA**

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, non-party Kellwood Apparel, LLC ("Kellwood") hereby objects to the document subpoena (the "Subpoena"), dated February 7, 2018, that defendant Church & Dwight Co., Inc. ("C&D") purportedly served on Kellwood in its capacity as a non-party to the above-captioned action (the "Civil Action").

## OBJECTIONS

Kellwood makes the following Objections to the Subpoena, and each of the requests found in the accompanying schedule of "Documents/Materials Requested" (the "Requests"):

1. That the Subpoena fails to comply with Rule 45(c)(2)(A), in that it was served on

Kellwood in Century City, California, yet purports to command the production of documents at the New York, New York office of C&D's counsel, Proskauer Rose LLP, which is far is outside of the 100 mile radius permitted for compliance. *See* Fed. R. Civ. P. 45(c)(2)(A).

2. That the Subpoena improperly seeks the production of documents and communications from Kellwood, a non-party, that C&D has failed to request of a party to the Civil Action, namely, Global, who is likely to be in possession of such materials. *See Montgomery v. Wal-Mart Stores, Inc.*, 2015 WL 11233385, at *2 (S.D. Cal. Sept. 18, 2015) ("Because a client has the right, and the ready ability, to obtain copies of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control."); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (in quashing a nonparty document subpoena, stating that "these requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from [the] nonparty…"); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (nonparty discovery is appropriately deferred when the same information is available from a party).

3. That the Subpoena seeks from a non-party the production of documents and communications that are not relevant to any party's claim or defense in the Civil Action, or proportional to the needs of the Civil Action, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See, e.g., In re Ashworth, Inc. Sec. Litig.*, 2002 WL 33009225, at *1 (S.D. Cal. May 10, 2002) (finding requests seeking "irrelevant discovery from third parties" are improper); *Moon*, 232 F.R.D. at 638 (finding overbroad requests seeking information not relevant to the action to be improper).

4.    That the Subpoena fails to provide a reasonable time for compliance, as the Subpoena, although dated February 7, 2018, was not served on Kellwood until February 8, 2018, and yet demands compliance — once again, far outside of the 100 mile radius permitted for compliance (Fed. R. Civ. P. 45(c)(2)(A)) — by February 21, 2018, only thirteen (13) days after service. Rule 45(c)(3)(A)(i) provides that "the issuing court must quash" a subpoena that "fails to allow a reasonable time to comply." Although Rule 45 does not define "reasonable time," courts have found a compliance request of less than fourteen (14) days from the date of service as unreasonable.

5.    That the Subpoena seeks documents generated, prepared, received, or dated during a "Time Period" — namely, January 1, 2000 to the present — that is overly broad and unduly burdensome, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.    That the Subpoena is vague, overbroad and unduly burdensome, and seeks to impose obligations that exceed those under the Federal Rules of Civil Procedure, including, for example, and without limitation, Request No. 2, which purports to call for the production of "Documents sufficient to identify (i) each and every good or service [Kellwood] offered for sale, sold advertised, or provided within the United States or through the Internet in connection with each of licenses or agreements" between Global and Kellwood, (ii) "the time period for which [Kellwood] offered for sale, sold, advertised, or provided each good or service," (iii) "the quantity per year in which [Kellwood] offered for sale, sold, advertised, or provided each good or service," (iv) "where each such good or service was offered for sale, sold, advertised, or provided to the consuming public," (v) "the amount of money [Kellwood] received from Global

3

each year in connection with offering for sale, selling, advertising, or providing each goods or service," (vi) "the amount of money [Kellwood] paid to Global each year in connection with offering for sale, selling, advertising, or providing each goods or service," and (vii) "photographs or other images sufficient to identify each good or service," all over an eighteen (18) year period.

7. That the Subpoena calls for the disclosure of proprietary, trade secret or other commercially protected information for which no necessity and relevance has been shown.

8. That the Subpoena seeks documents and communications that are privileged or exempt from discovery under the attorney-client privilege, work product doctrine, or other privilege or exemption under applicable law. Kellwood does not waive, and intends to reserve, any applicable privilege or protection.

9. That the Subpoena improperly purports to require Kellwood to provide C&D with a written description of any known "licenses or other agreements involving Global or Global's XOXO Marks" that are not within its possession, custody or control. *See* Request No. 1 ("If there are any such licenses or agreements of which you are aware but of which you do not have a copy, please describe with as much specificity as possible the time period, parties to, and nature of such license or agreement.").

10. That the Subpoena includes "Definitions," including, without limitation, "you" and "Global," which are overly broad and unduly burdensome, and seek to impose obligations that exceed those under the Federal Rules of Civil Procedure, including, without limitation, purporting to require Kellwood to produce documents and materials that are outside of its possession, custody or control.

11. That the Subpoena was served in bad faith and for the sole purpose of unreasonably harassing and imposing undue burden and expense on Kellwood.

## RESERVATION OF RIGHTS

To the extent that a court of competent jurisdiction, pursuant to Rule 45(d)(2)(B)(i), determines that the Subpoena is enforceable despite its failure to comply with Rule 45, Kellwood expressly reserves the right to lodge specific objections as to the individual Requests contained in the schedule of "Documents/Materials Requested."

Dated: New York, New York  
February 20, 2018

ARNOLD & PORTER KAYE SCHOLER LLP

By: *(signature)* Louis S. Ederer  
Louis S. Ederer  
Matthew T. Salzmann  
Maxwell C. Preston  
Harry K. Fidler

*Attorneys for Non-Party*  
*Kellwood Apparel, LLC*

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **NON-PARTY KELLWOOD APPAREL, LLC'S OBJECTIONS TO DEFENDANT CHURCH & DWIGHT CO., INC.'S SUBPOENA** was served upon the following attorneys of record for Defendant by email and U.S. Mail, this 20th day of February, 2018:

> Brendan J. O'Rourke
> Lee M. Popkin
> Tiffany M. Woo
> PROSKAUER ROSE LLP
> 11 Times Square
> New York, New York 10036
>
> *Attorneys for Defendant*
> *Church & Dwight Co., Inc.*

Matthew T. Salzmann