**Proskauer**  Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

March 13, 2018

Brendan J. O'Rourke
Member of the Firm
d +1.212.969.3120
f 212.969.2900
borourke@proskauer.com
www.proskauer.com

**VIA ECF**
Hon. Katherine B. Forrest
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

> *[Handwritten order:]* Ordered Third party Kellwood shall respond not later than 3/20/18. Church & Dwight shall serve Kellwood with a copy of this order. /s/ [signature] USDJ  3/16/18

Re: *Global Brand Holdings, LLC v. Church & Dwight Co., Inc.*, 17-cv-6571 (KBF)
    Motion to Compel Non-Party Kellwood Apparel to Produce Documents

Dear Judge Forrest:

We represent defendant Church & Dwight Co., Inc. ("Church & Dwight") in the above-referenced action. We write pursuant to Rule 2.F of Your Honor's Individual Rules of Practice in Civil Cases, and pursuant to the Court's March 8, 2018 Order (Dkt. 64), to request an order **compelling non-party Kellwood Apparel ("Kellwood") to produce additional documents in response to Church & Dwight's subpoena.** As noted in our prior correspondence regarding this subpoena, Kellwood was the primary apparel licensee of the XOXO mark from Global Brand Holdings, LLC ("Global").

Following receipt of the Court's March 8, 2018 Order, as Your Honor instructed, we reviewed the categories of documents that Kellwood stated in its March 6 letter (Dkt. 63) that it would agree to produce. Kellwood's letter excluded several categories of relevant documents that are responsive to Church & Dwight's subpoena. Church & Dwight is not seeking that Kellwood be compelled to produce all of those remaining documents. Rather, as we explained to Kellwood's counsel during our meet and confer, Church & Dwight is seeking production of only the following limited categories of documents, which are responsive to Requests Nos. 4, 15 and 17, respectively, in the subpoena:

- All documents referring or relating to quality control in connection with any good Kellwood offered for sale, sold, advertised, or provided in connection with Kellwood's license to use Global's XOXO mark;

- All documents concerning any past or present third-party uses of the "XOXO" term; and

- Documents sufficient to show the terms of the 2016 transaction in which a Hong Kong investor group acquired Kellwood's business.

Kellwood is refusing to produce these documents based on relevance grounds.

# Proskauer»

March 13, 2018
Page 2

### Global's Supervision over the Quality of Kellwood's XOXO Products

A trademark owner who licenses its mark to others is "obliged to maintain some control over the quality of the licensed property as an incident of valid licensing or risk abandonment of its mark." *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 277 F.3d 253, 259 (2d Cir. 2002). "The critical question . . . is whether the plaintiff sufficiently policed and inspected its licensees' operations to guarantee the quality of the products they sold under its trademarks to the public." *Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F.2d 358, 367 (2d Cir. 1959). Failure to do so constitutes a "naked licens[e]" that can lead to a finding that a trademark has been abandoned. *Id.* Based on the documents produced to date by Global, Church & Dwight has serious doubts that Global has exercised sufficient control over the quality of goods produced by Kellwood (and other licensees) to avoid a "naked license." Church & Dwight is therefore seeking additional documents from Kellwood regarding this matter.[1] In addition, Global affirmatively alleged that the XOXO mark is associated with "high quality goods" (Amended Complaint [Dkt. 26] ¶ 18), and the requested documents are probative of the veracity of this allegation. Accordingly, the Court should order Kellwood to produce all documents concerning Global's supervision of the quality of XOXO goods provided or sold by Kellwood.

### Third-Party Uses of "XOXO"

One of the factors considered in evaluating whether a defendant's mark is likely to confuse consumers is the strength of the plaintiff's mark. *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961). Even if Global's XOXO mark had any strength to begin with, evidence of third-party uses of "XOXO" supports a finding that the mark has become weak over time. *See, e.g., Trustees of Columbia Univ. v. Columbia/HCA Healthcare Corp.*, 964 F. Supp. 733, 750 (S.D.N.Y. 1997) (holding that "any acquired distinctiveness of the plaintiff's mark in connection with medical or healthcare services has been seriously undermined by third party use of the same or similar marks within New York and across the United States"); *Lever Bros Co. v. American Bakeries Co.*, 693 F.2d 251, 256 (2d Cir. 1982) ("the distinctiveness of an arbitrary mark [may] be diluted by third party use"). C&D will prove at trial that Global's XOXO has been weakened by the dozens, if not hundreds, of third party uses of "XOXO" in the market. As Global's primary apparel licensee, Kellwood likely was aware of such third-party uses, and may have had communications internally and/or with Global about this matter, including regarding Global's failure to police uses of "XOXO" by third-parties. Because these documents bear on the key issue of the likelihood of consumer confusion, the Court should order Kellwood to produce them to Church & Dwight.

---

[1] During our meet and confer call, Kellwood's counsel noted that Church & Dwight's Answer to the Amended Complaint [Dkt. 37] does not list "naked license" as an affirmative defense. Church & Dwight cannot possibly be expected to know prior to discovery—including discovery from Global's licensees, such as Kellwood—the extent to which Global has supervised (or failed to supervise) the quality of goods sold under its XOXO licenses.

# Proskauer»

March 13, 2018
Page 3

**Kellwood's 2016 Sale Agreement**

As noted, Kellwood was Global's main licensee for apparel. In 2016, prior to the expiration of its XOXO license, Kellwood was sold to a Hong Kong-based investor group; the sale included Kellwood's XOXO license.[2] The terms of the sale agreement are relevant to this lawsuit because any term that refers or relates to Kellwood's XOXO license would bear on Global's allegations that its XOXO mark is highly valuable and that Church & Dwight's alleged infringement has harmed the mark's "extensive goodwill." Amended Complaint [Dkt. 26] ¶ 2; *see also id.* ¶¶ 16, 18. Church & Dwight does not object to Kellwood redacting terms in the sale agreement that have no relationship to the XOXO license or the value of the license or the mark.

Respectfully submitted,

*/s/ Brendan J. O'Rourke*
Brendan J. O'Rourke

cc: All counsel of record (via ECF)

---

[2] *Kellwood Company Acquired by Hong Kong-Based Investor Group*, BusinessWire, https://www.businesswire.com/news/home/20161221005204/en/Kellwood-Company-Acquired-Hong-Kong-Based-Investor-Group (last visited 3/12/18) ("The acquisition includes . . . the XOXO apparel license . . . .").