

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

April 3, 2018

**VIA ECF**

Hon. Katherine B. Forrest
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Brendan J. O'Rourke
Member of the Firm
d +1.212.969.3120
f 212.969.2900
borourke@proskauer.com
www.proskauer.com

Re: *Global Brand Holdings, LLC v. Church & Dwight Co., Inc.*, 17-cv-6571 (KBF)
    Motion to Compel Non-Party Kellwood Apparel to Produce Documents

Dear Judge Forrest:

We represent defendant Church & Dwight Co., Inc. ("Church & Dwight") in the above-referenced action. We write pursuant to Rule 2.F of Your Honor's Individual Rules of Practice in Civil Cases, and pursuant to the Court's March 8, 2018 and March 22, 2018 Orders (Dkts. 64, 70), to request an order **compelling non-party Kellwood Apparel ("Kellwood") to produce additional documents in response to Church & Dwight's subpoena**. As noted in our prior correspondence regarding this subpoena, Kellwood was the primary apparel licensee of the XOXO mark from Global Brand Holdings, LLC ("Global").

Per the Court's instruction in its March 20, 2018 Order, we have now reviewed the document production that Kellwood made on March 23, 2018. The production did not contain the three categories of documents that were the subject of Church & Dwight's March 13, 2018 letter (Dkt. 65). One of those categories is no longer at issue. Kellwood has agreed to provide by April 9, 2018 a declaration confirming that the 2016 agreement concerning Kellwood's sale did not assign any value to the XOXO mark or license.

However, Church & Dwight and Kellwood remain at an impasse concerning the two other remaining categories of subpoenaed documents:

- All documents referring or relating to quality control in connection with any good Kellwood offered for sale, sold, advertised, or provided in connection with Kellwood's license to use Global's XOXO mark; and

- All documents concerning any past or present third-party uses of the "XOXO" term.

**Global's Supervision Over the Quality of Kellwood's XOXO Products**

In its March 20, 2018 letter, Kellwood stated that it "vigorously disagrees" with Church & Dwight's allegation that Kellwood offered for sale or sold XOXO-branded products that "(a) did not conform with the quality provisions imposed by the Global/Kellwood license agreement, and/or (b) were not approved for sale by Global." Dkt. 69 at 2. While the first half of that statement remains to be tested via discovery, the second half has already been shown to be false.

Proskauer»

April 3, 2018
Page 2

Kellwood's representation to the Court that Kellwood never sold XOXO-branded goods that were not approved for sale by Global is directly contradicted by a document Kellwood produced last week, a copy of which is attached as Exhibit 1. ███████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████

On its own, this document is strong evidence that Global failed to adequately supervise the quality of XOXO-branded goods produced by its primary apparel licensee. Church & Dwight will therefore seek leave to amend its Answer to include an affirmative defense of naked license. In addition, Church & Dwight should be permitted further discovery to prove that Global is a naked licensor and its XOXO mark is not entitled to trademark protection. *See* Church & Dwight's March 13 letter (Dkt. 65 at 2), citing *Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F.2d 358, 367 (2d Cir. 1959) (explaining that a licensor's failure to "sufficiently police[] and inspect[] its licensees' operations to guarantee the quality of the products they sold under its trademarks to the public" constitutes a "naked license"). Accordingly, the Court should order Kellwood to produce all documents concerning Global's supervision of the quality of XOXO goods provided or sold by Kellwood.

**Third-Party Uses of "XOXO"**

As discussed in Church & Dwight's March 13 letter, third-party uses of "XOXO" are directly relevant to the likelihood of confusion analysis—namely, to the strength of the plaintiff's mark. *See Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961); *Trustees of Columbia Univ. v. Columbia/HCA Healthcare Corp.*, 964 F. Supp. 733, 750 (S.D.N.Y. 1997) (holding that "any acquired distinctiveness of the plaintiff's mark in connection with medical or healthcare services has been seriously undermined by third party use of the same or similar marks within New York and across the United States"); *Lever Bros Co. v. American Bakeries Co.*, 693 F.2d 251, 256 (2d Cir. 1982) ("the distinctiveness of an arbitrary mark [may] be diluted by third party use").

Kellwood contends that producing these documents would be overly burdensome. *See* Dkt. 69 at 3. While there have been many third-party uses of "XOXO" over the years, that is not a basis for Kellwood to refuse produce documents evidencing this. ███████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████ Thus, Kellwood should have records concerning each third-party use of "XOXO" that it became aware of during the course of its licensing relationship with Global, including records of third-party uses it reported to Global. Kellwood is an important source of such discovery because, although Church & Dwight is investigating current third-party uses of "XOXO," past uses may only be

Proskauer»

April 3, 2018
Page 3

known to Global and its licensees. Accordingly, the Court should order Kellwood to turn over all of its records concerning third-party uses of "XOXO" to Church & Dwight.

Respectfully submitted,

Brendan J. O'Rourke

Encl.

cc: All counsel of record (via ECF and e-mail)

Proskauer»