

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

April 10, 2018

**VIA ECF**

Hon. Katherine B. Forrest
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Brendan J. O'Rourke
Member of the Firm

d +1.212.969.3120
f 212.969.2900
borourke@proskauer.com
www.proskauer.com

Re: *Global Brand Holdings, LLC v. Church & Dwight Co., Inc.*, 17-cv-6571 (KBF)
<u>Response to Global's April 9, 2018 Opposition Letter (Dkt. 81)</u>

Dear Judge Forrest:

We represent defendant Church & Dwight Co., Inc. ("Church & Dwight") in the above-referenced action. The letter filed by Global Brand Holdings, LLC ("Global") yesterday (Dkt. 81), in opposition to our motion to compel Global to provide a proper disclosure of its damages computation, makes various assertions concerning Church & Dwight's document production. Those assertions are completely irrelevant and untrue. While we appreciate that Your Honor's Rules do not allow for a reply letter, because Global's letter could be read as making an affirmative motion, we respectfully request that the Court consider this brief response.

Global's accusations about Church & Dwight's production are irrelevant to the issue at hand. Under Rule 26, Global is required to disclose its damages computation and formula based on the information available to it. At a minimum, with respect to its claimed reasonable royalty damages, Global should be able to disclose whether it is relying on several of the *Georgia Pacific* factors that do not depend on discovery from Church & Dwight, such as the profitability of Global's XOXO trademark. *See* Dkt. 77 at 3. Global's letter does not even mention its failure to provide this required information.

Rather, Global attempts to distract from its failure to comply with Rule 26 by claiming Church & Dwight "has refused" to produce documents evidencing its own (i) sales figures, revenues and profits from XOXO by Trojan condoms, and (ii) trademark licensing agreements. Dkt. 81 at 3. This is untrue. Church & Dwight never refused to produce its financials, and in fact has produced sales figures and revenues through mid-March 2018. Global has everything it needs to prove Church & Dwight's revenues, whether in connection with its claimed reasonable royalty or disgorgement damages.[1]

Finally, Global's accusation that Church & Dwight has refused to produce trademark licensing agreements is absurd. Global only requested these documents in its second set of document requests, which it served on March 29, 2018. Church & Dwight's objections and responses to

---

[1] Global is not entitled to disgorgement because Church & Dwight's alleged infringement was not willful. *See Merck Eprova AG v. Gnosis SpA*, 760 F.3d 247, 261 (2d Cir. 2014); *George Basch Co., Inc. v. Blue Coral, Inc.*, 968 F.2d 1532, 1537 (2d Cir. 1992).

**Proskauer»**

April 10, 2018
Page 2

these requests are not due until May 1, 2018. Accordingly, the Court should deny Global's improper request for an order compelling Church & Dwight to complete its production of all damages-related documents by this week.

Respectfully submitted,

*/s/ Brendan J. O'Rourke*
Brendan J. O'Rourke

cc: All counsel of record (via ECF)